P. A. GUNDLACH *et al.*

*v.*

EDWARD SCHOTT.

*Opinion filed October 24, 1901.*

1. MASTER AND SERVANT—*when servant does not assume risk of dangerous work.* If a servant, though having some knowledge of the attendant danger, is ordered by the master to proceed with the dangerous work, he does not assume the risk unless the danger is so imminent that an ordinarily prudent person would not have incurred it,—which latter fact is ordinarily to be determined by the jury.

2. SAME—*when question of degree of danger is properly left to the jury.* Whether a servant injured while putting a belt over a pulley in a machine shop acted recklessly in obeying the master's order to put it on, is properly left to the jury under evidence that the belt was improperly sewed, leaving a twist therein; that the servant called the master's attention thereto, and that the master said, "It is all right; go ahead and put it on," which the servant then attempted to do, not knowing of the danger.

3. EVIDENCE—*when it is not improper to admit testimony of experts.* Whether the operation of machinery by a twisted belt is dangerous is not a matter of such common knowledge that it is error to permit the introduction of expert testimony on the subject.

4. TRIAL—*special interrogatories not calling for the ultimate facts are properly refused.* Special interrogatories are properly refused which do not pertain to the ultimate fact in issue or which assume an evidentiary fact as proven.

*Gundlach* v. *Schott,* 95 Ill. App. 110, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. M. W. SCHAEFER, Judge, presiding.

WISE & MCNULTY, (WINKLEMAN & BARR, of counsel,) for appellants.

WEBB & WEBB, and G. A. KOERNER, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Fourth District affirming a judgment rendered in an action on the case for a personal injury, in the circuit court of St. Clair county, in favor of appellee, for $7000, against appellants.

The declaration contained four counts, but the cause was submitted to the jury upon the third count only, the jury having been directed, at the close of appellee's evidence, to find for appellants as to the first, second and fourth counts. The third count charges, in substance, that on the 8th of September, 1899, appellants were owners of and conducting a foundry, where parts of machinery were manufactured, a part of the foundry appliances being a machine for polishing castings, called a "rattle-box;" that this rattle-box was operated by means of a leather belt running upon two pulleys; that the castings were polished by being placed in this rattle-box; that plaintiff's duty was to put the castings into the box and remove them when finished, starting and stopping the machine by putting on and throwing off the belt; that on this date the belt had been improperly sewed together, "leaving a twist in the same, thereby rendering it very difficult and dangerous to adjust it on said top pulley, of all of which the defendants had full and complete notice; that defendants then and there, after having notice of the dangerous and imperfect condition of said belt, ordered, directed and instructed plaintiff to use it in said condition, informing plaintiff that the same was safe, sufficient and not dangerous;" that while plaintiff was, with due care on his part and without knowledge of any

danger, and in obedience to the instruction and direction of defendant, putting on the belt, his left hand and arm came in contact with the twist in the belt, "by means of which said negligence of the defendants in furnishing the imperfect and dangerous belt with which plaintiff was to work, and their negligence in ordering and directing plaintiff as aforesaid, he was injured," etc.

Appellee's account of how he received the injury is abstracted by appellants' counsel from his testimony, as follows: "When Mr. Rompel sewed the belt together he told me it was all right,—to go ahead and put it on. I called his attention to the twist. His answer was, it was all right,—to go ahead. I did not know there was any danger putting it on that way. I was standing with both feet on the window sill. The window sill is somewhat over three feet from the ground. I had to put on the belt. I raised the belt up with my right hand and braced myself with my left hand against the shaft, which was revolving. When I threw the belt up there I had to push it with my left hand, because the belt was heavy. I put the belt on with my right hand and took my left hand and helped to put it on, and the twist came up and threw the twist right over very quickly and caught my fingers and I could not get them away any more. I tried my best to get them away. It threw me up to the roof two times, and when I hit the roof I slipped back, and I thought I would get killed, and it threw me up against the roof, and I threw myself back so I would not go around the pulley; then I came up again and threw myself back, and then I fell to the ground and my arm was torn off."

The first assignment of error upon this appeal is, that the trial court erred in refusing to give a peremptory instruction to find for the defendants, asked at the close of plaintiff's evidence and again at the close of all the evidence. This contention is based upon the theory that plaintiff well knew the danger incident to his attempting to place the belt upon the pulley and must be held to

have assumed it; and it is said, that even if plaintiff discovered a twist in the belt and called appellants' attention to it and was told "it is all right," yet this was neither such a command nor assurance of safety as would release plaintiff from the assumed risk or free him from contributory negligence. Plaintiff testified his employer said, "It is all right; go ahead and put it on." It is well settled that even though the plaintiff knew of the defect, if the master ordered him to proceed with the dangerous work he did not assume the risk of so doing unless the danger was so manifest that a person of ordinary prudence and caution would not have incurred it. "Even if the servant has some knowledge of attendant danger, his right of recovery will not be defeated, if, in obeying the order, he acts with the degree of prudence which an ordinarily prudent man would exercise under the circumstances. When the master orders the servant to perform his work the latter has a right to assume that the former, with his superior knowledge of the facts, would not expose him to unnecessary perils. The servant has a right to rest upon the assurance that there is no danger, which is implied by such an order. The master and servant are not altogether upon a footing of equality. The primary duty of the latter is obedience, and he cannot be charged with negligence in obeying an order of the master unless he acts recklessly in so obeying. Whether he acted thus recklessly in obeying his master's order, or whether he acted as a reasonably prudent person should act, are questions of fact to be determined by the jury." (*Illinois Steel Co.* v. *Schymanowski,* 162 Ill. 447; *Offutt* v. *World's Columbian Exposition,* 175 id. 472.) Under the evidence in this record it was clearly a question to be submitted to the jury whether the danger was of the character mentioned, and no error was committed in refusing the peremptory instruction.

Appellants next contend the court erred in refusing to submit to the jury the following interrogatories: "1. Was

the plaintiff instructed not to put the belt on the upper pulley while the upper pulley was running rapidly?" "2. Was the plaintiff injured because, in violation of his instructions, he attempted to put the belt on the upper pulley while said pulley was running rapidly?" Under the third count the negligence charged, and upon which the case was submitted to the jury, was "in furnishing the imperfect and dangerous belt with which plaintiff was to work," and defendants' "negligence in ordering and directing plaintiff" to use it in that condition. It is apparent that the first of these interrogatories did not pertain to the ultimate fact to be found by the jury; and the second interrogatory, in addition to being subject to the same criticism, assumed as true an evidentiary fact. Both of the interrogatories were therefore improper.

Appellants contend the court improperly admitted the evidence of certain witnesses who undertook to give their opinions as to whether the manner of constructing the belt around the pulley was reasonably safe for the person operating the machine, it being urged that this testimony falls under the rule that even an expert should not be allowed to give an opinion where all the facts upon which the opinion is based can be made sufficiently intelligible to the court and jury. Whether this machinery, operated, as it was, with the twisted belt, was dangerous, clearly was not a matter of common knowledge and therefore plain and open to the jury. When the facts upon which opinions are founded cannot be ascertained and made intelligible to the court and jury the opinions of witnesses may be received. (*City of Chicago* v. *McGiven*, 78 Ill. 347; *Illinois Central Railroad Co.* v. *People*, 143 id. 434.) To say the least, it was not a matter of so common knowledge to the jury that it can be said the trial court committed error in permitting the introduction of the expert testimony. In many cases it may be difficult to say whether or not the construction of a machine is so intricate that a jury cannot be made to fully under-

stand it without admitting the opinions of experts, and the court must therefore often exercise a discretion to determine when such evidence may be heard.

As to the complaint that improper remarks were made by counsel for appellee when the jury was being selected, it is only necessary to say that the court admonished the jury not to be influenced by it, and, in effect, reprimanded counsel for making the remark. It seems to have referred to some one, acting as the agent of an insurance company, having attempted to compromise the suit. There is nothing whatever to show that the jury were in any way influenced by what was said, to the prejudice of the defendant.

We find no error in the instructions given.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*