[No. 4482.   Decided March 30, 1903.]

ALBERT W. GOLDTHORPE, *Respondent*, v. CLARK-NICKERSON LUMBER COMPANY, *Appellant*.

MASTER AND SERVANT — NEGLIGENCE OF MASTER — ACTION BY SERVANT FOR INJURIES — QUESTION FOR JURY.

In an action to recover damages for injuries occasioned by defendant's negligence, a question for the jury is presented, where there was testimony to the effect that defendant had been taken away from his employment in another part of defendant's plant and directed by a vice principal to go upon a platform where the light was defective and remove a belt from the shaft for the purposes of repair; that in attempting to lift the belt he was caught and drawn around the shaft; that the belt was old, frayed and had laces, threads and fragments hanging from it; that the shaft was somewhat rough from rust and that these threads would have a tendency to catch and be drawn around it; and that plaintiff was caught by the buckling of the belt, thereby receiving the injuries complained of; there being conflicting testimony as to whether the belt had been properly handled by him for the purpose of removal.

SAME — ASSUMPTION OF RISK.

A workman is not barred from recovery under the doctrine of assumption of risk, although aware of the defective nature of an appliance in use, where the danger therefrom is not plainly discernible and he is ordered by a vice principal to proceed with the dangerous work, the workmen having a right to assume that he is not going to be exposed to unnecessary perils.

SAME — INSTRUCTIONS — EXPRESSION OF OPINION AS TO AMOUNT OF DAMAGES.

Where the prayer of the complaint in an action for damages was for judgment in the sum of $25,500, it was not the expression of an opinion on the part of the court to charge the jury that, if their verdict should be for plaintiff, they should find his damage to be in an amount not exceeding the sum of $25,500.

TRIAL — INSTRUCTIONS — CONSTRUCTION AS A WHOLE.

The instructions of the court must be considered as a whole, and error cannot be predicated upon the incompleteness of one of the instructions, when the alleged omission is amply and clearly covered elsewhere in the charge.

SAME — HARMLESS ERROR.

In an action to recover for injuries caused a servant by a defective belt, failure to instruct as to the nonliability of the master in case the defect was such a one as he could not discover by reasonable care and caution was not prejudicial error, where the evidence was undisputed and conclusive that the belt was defective, had been condemned by the master, and afterwards ordered into use again.

Appeal from Superior Court, Snohomish County.— Hon. JOHN C. DENNEY, Judge. Affirmed.

*Preston, Carr & Gilman* and *Robert A. Hulbert,* for appellant.

*Holmes & Husted* and *Brownell & Coleman,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—Briefly stated, the respondent was employed by the appellant lumber company, which was oper-

ating a saw mill in the city of Everett, and was directed by a millwright in the employ of the mill company to assist in putting a belt upon a shaft running through the mill, to be attached to an emory wheel situate in the mill, for the purpose of turning said wheel. The respondent's employment required him to work in a machine and blacksmith shop, which was situated in a small building connected with the mill plant proper, and contained a lathe and minor machinist's tools, blacksmith forge and blacksmith tools, and a small steam engine which furnished the power to operate the lathe and other appliances. His general duties consisted of running the engine in this machine shop and operating the lathe and other machinist's tools. He was instructed by the superintendent, when he was employed, to take his orders from the millwrights. The belt which it was desired to place upon the line shaft was an old rubber belt about two inches in width, which had been used for the purpose of operating the emory wheel. The respondent was directed by the millwright Hatchell to go up on a platform back of the shaft and hold the belt off the shaft while Hatchell laced the ends together. In pursuance of this order he went upon the platform and took hold of the belt with his right hand to lift it from the shaft. Just as he lifted it from the shaft the belt in some way caught, and the respondent was drawn by it around the shaft and seriously injured. His right arm was pulled off, or so nearly so that it was amputated by the assistance of a pair of scissors; his leg was broken in three different places; and he received other injuries more or less severe. In an action for damages he recovered judgment for $10,-000. From said judgment this appeal is taken.

Upon the close of respondent's testimony, motion was made to take the case from the jury and render judgment

for the defendant, which was denied.  At the close of all the testimony the motion was renewed, and again denied. It is charged that the court erred in denying appellant's challenge to the sufficiency of the evidence, and motion to take the case from the jury and bring a judgment for the defendant, made at the close of the testimony; erred in denying appellant's motion to instruct the jury to render a verdict for the defendant, and in giving certain instructions.  The contention of the respondent is that the injury was caused by a defect in the belt, which it was claimed had laces, threads, and fragments hanging from it that were caught by the revolving shaft, causing the damage; while the appellant contends that there is no evidence tending to sustain this theory, but that it reasonably appears from the testimony that the accident must have occurred from one of two causes—the catching of the clothes of the respondent upon the shaft, or the doubling of the belt caused by the careless manner in which respondent took hold of it to hold it from the shaft.  There is no use entering into a discussion of the relative responsibilities and duties of masters and servants, which have been so often discussed by this court.  It may be conceded at the outset that it is the duty of the master to furnish the servant with a reasonably safe place in which to work, and safe appliances; that it is the duty of the servant to exercise prudence and care in the performance of his duties; and that the implied duty of each is measured by the standard of ordinary care.  It is true that, the action being based upon negligence, negligence must be proven.  But negligence is proven, like any other fact, by all the circumstances in the case reasonably and intelligently bearing upon the question of negligence.  We think there was sufficient testimony, if undisputed, to warrant the jury in conclud-

ing that the accident was caused by defects in the belt. The belt is before this court as an exhibit in the case. It is in rather a frayed and dilapidated condition, showing considerable use and wear, it being more or less torn, with fragments hanging from it, and being mended with copper rivets on each side of a tear in the belt, which renders it anything but smooth. In addition to this, the testimony of plaintiff's witnesses is to the effect that strings and laces were hanging from the belt, and that, if the shaft was rough or rusty, the rapid revolutions of the shaft—in this instance 250 to the minute—would have a tendency to suck or draw the strings or lacings around the shaft and cause it to stick or adhere to the shaft. One of appellant's witnesses testified to the effect that such a result would be possible; and the testimony was that the shaft was more or less rough and rusty. The respondent, who testified in the case, swears positively that the accident was not caused by the shaft catching his sleeve, or by the unskillful handling of the belt. On this subject, of how the belt should be handled, there was a direct conflict in the testimony. So far as the condition of the belt is concerned, it is admitted that it was a condemned belt. Attention had been called to it by the respondent several days before, and it had been taken off and a new belt ordered, but on this particular day it was brought back again by the millwright in charge. It is contended by the appellant that the testimony shows that the respondent knew the condition of this belt, was informed of it at the time, and that he assumed the risks of its imperfect condition; that, in addition to this, he had the right and the authority to stop the machinery while the belt was being placed—that being an absolutely safe way—and that, having seen fit to adopt an unsafe way when a safe way was available, he was guilty of negligence,

and that his employer was not responsible for any damages which might result. Great reliance is placed upon the case of *Hoffman v. American Foundry Co.,* 18 Wash. 287 (51 Pac. 385), and it is insisted that that case is conclusive of the case at bar. But we think these cases are distinguishable. In that case it appeared that a shaft supported by brackets was run by a belt running over the outside of a pulley; that on the shaft inside the brackets were collars fastened by set screws, the heads of the latter projecting five-eighths of an inch; that there was no defect in pulley or belt, and that collars and screws of like character were in general use on similar machinery; that the belt slipped from the pulley while in rapid motion, and that plaintiff, without stopping the machinery, in attempting to replace the belt which caught upon the projecting screw was injured. It was held that the employer was not chargeable with negligence on account of the construction of the appliance used because it was an appliance which was in ordinary use, and that the plaintiff was negligent in attempting to adjust the belt while the machinery was in motion, on the theory, above indicated, that there was a safe way to perform the work, and that he chose the unsafe way. But in that case, as near as we can ascertain from the opinion and the briefs, the operator was in charge of the machinery, and it was held that it was his duty to know of the condition of the screw, he having been operating that machinery for some time. Here the respondent was not in charge. His business was in another department. He had been instructed by the superintendent to take his orders from the millwrights. This was testified to not only by the respondent but by the superintendent of the company. In addition, he testifies, and it is testified to by other witnesses, that it was so dark on the plat-

form where he was sent to work that he could not plainly see the condition of the belt or of anything else. This contention is answered by the appellant by citing the case of *French v. First Avenue Ry. Co.*, 24 Wash. 83 (63 Pac. 1108), where it was held that, nothwithstanding the place where French was working was not sufficiently lighted, he could not recover because it was his duty to see that it was sufficiently lighted. But in that case, again, French was in control. He had been employed to take charge of the engine room, had visited it a time or two before his employment commenced, for the purpose of making an inspection, and was absolutely in control of the machinery and the apartment in which the machinery was located. It was held that, if there were any defects in the machinery or the apartment, it was his duty to correct them, and therefore he could not recover of the employer. *Anderson v. Inland Telephone & Telegraph Co.*, 19 Wash. 575 (53 Pac. 657, 41 L. R. A. 410), is also relied upon by the appellant. There a lineman in the employ of the telephone company was held to be guilty of contributory negligence in coming in contact with a guy wire supporting a trolley wire, which had become highly charged with electricity owing to the breaking of an insulator. But in that instance it was found that it was the lineman's duty to inspect the insulator; that there were no other inspectors for that purpose; that he was equipped with apparatus for testing these electric insulators; and that for these reasons he could not recover on account of dangerous or defective machinery or appliances. In this case it is conceded, not only by the testimony of the respondent, but by that of the superintendent of the appellant company, that the respondent was in an inferior position, and that it was his duty to take his orders from the millwrights, who were act-

ing in the capacity of vice principals of the company. Even though he had known or believed that the belt was not as safe as it ought to be, the judgment of the servant must be held subservient to that of the master, except in cases where the danger is plainly discernible. In the case of *Green v. Western American Co.*, 30 Wash. 87 (70 Pac. 310), the following extract from *Mining Company v. Schmidt*, 43 C. C. A. 532, 104 Fed. 282, was approvingly quoted:

"Whatever may be the exemption of the employer from liability for injuries caused by a danger that is obvious to the injured, such exemption will not be accorded where the nature of the menace is so uncertain as to cause discussion between the employees and the employer, with the result that the employer dissuades the employee of his apprehension."

*Gundlach v. Schott,* 192 Ill. 509 (61 N. E. 332, 85 Am. St. Rep. 348), was also cited, where it was said:

"It is well settled that even though the plaintiff knew of the defect, if the master ordered him to proceed with the dangerous work he did not assume the risk of so doing unless the danger was so manifest that a person of ordinary prudence and caution would not have incurred it. 'Even if the servant has some knowledge of attendant danger, his right of recovery will not be defeated, if, in obeying the order, he acts with the degree of prudence which an ordinarily prudent man would exercise under the circumstances. When the master orders the servant to perform his work the latter has a right to assume that the former, with his superior knowledge of the facts, would not expose him to unnecessary perils. The servant has a right to rest upon the assurance that there is no danger, which is implied by such an order. The master and servant are not altogether upon a footing of equality. The primary duty of the latter is obedience, and he cannot be charged with negligence in obeying an order of the master unless he acts

recklessly in so obeying. Whether he acted thus recklessly in obeying his master's order, or whether he acted as a reasonably prudent person should act, are questions of fact to be determined by the jury.' *Illinois Steel Co. v. Schymanowski,* 162 Ill. 447;"
citing *Offut v. World's Columbian Exposition,* 175 Ill.. 472 (51 N. E. 651); *Myrberg v. Baltimore, etc., Reduction Co.,* 25 Wash. 364 (65 Pac. 539).

The application of this sentiment may also be made to· the contention that it was the duty of the respondent to have stopped the machinery before undertaking to place· the belt. In addition to this, as we have before said, the respondent in this case was not the directing mind, and the further fact that this was a line shaft, and that it could not be stopped without stopping the machinery of the mill generally, would have had a tendency to deter the· servant from stopping such machinery, especially when he was acting under the direct orders of the master. The· other cases cited by the appellant from this court we do not think are at all in point, and, applying the rule which we have uniformly announced, that this court will not interfere with the verdict of a jury unless it appears. that no two reasonable minds could differ in reaching a conclusion as to the cause of the injury, we do not feel like disturbing the judgment in this respect.

The contention that the court erred in instructing the· jury that, if their verdict should be for the plaintiff, they should find his damage to be in an amount not exceeding· the sum of $25,500, is not tenable. Such instruction was in no sense an expression on the part of the court of an opinion that the plaintiff's injuries were of such a character that the amount of his damages could be limited only by the prayer of the complaint. It was a simple statement as to the limitation of recovery under the complaint, and·

an instruction that is not only proper, but necessary, to be given to the jury in all cases of this kind.

The other instructions objected to are as follows:

"In this case if you find that the plaintiff was injured by the reason of a latent danger in the belt of which he had no knowledge and of which he could not have known by the exercise of reasonable care and caution, in the place to which he was sent, then you are instructed that if you further find that the accident occurred by reason of such concealed or hidden danger, that your verdict must be for the plaintiff."

The alleged objection to this instruction is that no reference is made to the nonliability of the master in case the defect was such a one as he could not discover by reasonable care and caution, and if this had been all the instruction on that subject, the instruction might be considered objectionable. But we have often said, in common with all other courts, that the instructions must be considered as a whole, and that error cannot be based upon segregated instructions. On this point it will be found that the instructions are ample and clear. For instance, on page 186 of the statement of facts, the court instructed the jury as follows:

"In this case it was the duty of the master to furnish a belt which was reasonably safe for the use to which it was put, and if you find from the evidence in this case that the belt by which the accident occurred was a defective belt, and that the master had knowledge of that defect through the knowledge of the millwrights, or of its superintendent Broadbent, and knew that the belt was not a safe or proper belt, then you are instructed the master failed to discharge his duty toward the plaintiff."

So that the duty of the master, so far as knowledge of defect is concerned, is plainly set out by the court in this and other instructions. In addition to this, if the court

had erred, it would be error without prejudice, for the evidence is conclusive and undisputed that there was a defect in the belt, that the belt had been condemned by the master, and that after such condemnation it had again been ordered into use.

Finding no error in the instructions, and the questions of fact having been submitted to the jury and found against the appellant, the judgment will be affirmed.

FULLERTON, C. J., and MOUNT and HADLEY, JJ., concur.