## John Condon v. Charles Schoenfield.

### Gen. No. 11,205.

1. SAFE PLACE TO WORK—*when master liable for failure to furnish.* Where it is necessary that workmen should use a scaffold in the performance of their work and one is provided which is examined by the foreman, who, after such examination, orders such workmen to " go ahead on it now and go to work on it," such foreman assumes the responsibility of the safety of the scaffold and the master is liable in the event of injuries resulting by reason of the insufficiency of such scaffold.

2. LEADING QUESTIONS—*discretion of court with respect to.* The trial court may exercise a reasonable discretion in permitting the answering of questions leading in form.

3. PRESUMPTION—*where evidence within control of a party is not introduced.* Where a party to a case makes no denial of evidence which tends to establish a material question of fact, when proof to the contrary, if it exists, is easily within his control, such failure strengthens the presumption against him, though raised by evidence in itself weak.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.

Condon v. Schoenfield.

Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed June 17, 1904.

**Statement by the Court.** This is an action to recover for personal injuries. Appellee brought suit against appellant and one Lewis S. Long, but at the conclusion of all the evidence dismissed as to Long. The jury returned a verdict against appellant.

No evidence was offered in behalf of appellant and the judgment against him rests upon undisputed testimony introduced in behalf of appellee. The latter is a carpenter and received the injuries complained of by the fall of a scaffold which he and a fellow workman were erecting under the direction of a foreman named Peters employed by appellant. According to the evidence appellee had been working on the grand stand at the Harlem race track, and with a fellow workman, was directed by this foreman to build a scaffold on the side of the stand to be used apparently in putting on a cornice. The men were instructed to use as braces pieces of flooring which were lying near. They state that they objected to the material, but that Peters told them to pick out the best pieces and they would be all right; that when they were nearly done Peters examined the scaffold, told them it was all right and to go ahead and work on it. After working on it some time, a brace which had been put up by appellee's fellow workman broke under the combined weight of the two men and they fell. The break occurred where there was a knot in the piece used, which had been taken from the pile of lumber they were directed to use for the scaffold. The evidence tends to show that Peters was watching and superintending the work, when the defective bracket was put up. Appellee testifies that the best pieces were picked out and used as braces, and that he did not know the condition of the board which broke.

At the conclusion of the plaintiff's evidence appellant's attorney requested the court to direct the jury to find appellant not guilty, which motion the court refused.

EDWARD H. MORRIS, for appellant.

WILLIAM T. UNDERWOOD and EPHRAIM C. WESTWOOD, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is urged that appellee's injury was caused by the negligent act of his fellow workman who selected and put up the particular bracket, the breaking of which caused the fall; that Peters, the foreman, gave no orders for the use of that particular board as a bracket; that on the contrary, appellee and his fellow workman were told to pick out the best pieces; that they were both experienced carpenters and knew the probable consequences of using a defective board with a knot in it; and that the two were fellow-servants engaged in the same line of employment in cooperation each with the other and took the risk of each other's negligence. It appears, however, that after the bracket in question was put up, the foreman, Peters, examined the scaffold, and then gave the men orders to "go right ahead on it now and go to work on it." In so doing he assumed the responsibility of its being adequately safe for them to work on. The scaffold was about two hundred feet in length, and the two men were working from the ends toward the center. They were far enough apart most of the time so that neither could see just what kind of lumber the other was using. When, therefore, the foreman, after examining the structure, ordered appellee to go on the scaffold and carry on the work, he assumed for the master, and as his representative, the risk of any defects, and responsibility that the master's duty of providing a safe and suitable place for appellee to work, had been properly performed. The latter had a right to rest upon the assurance implied by such order. It appears not only that the foreman examined the structure before ordering appellee to work on it, but also that it was built under the foreman's immediate supervision, of material which he had directed to be used. Under these circumstances the jury were warranted in finding a verdict against appellant. Arkerson v.

Condon v. Schoenfield.

Dennison, 117 Mass. 407–412; City of La Salle v. Kostka, 190 Ill. 130–141; Gundlach v. Schott, 192 Ill. 509–512.

It is contended that there was no evidence that appellant owned or controlled the race track or that appellee was in his employ. There was evidence, however, tending to that conclusion, but it is argued that it was given in answer to a leading question to which an objection offered should have been sustained. The question was leading in form, but in permitting it to be answered the trial court exercised a reasonable discretion within its province. Certainly there was no abuse of discretion and the answer shows no indication that the form of the question was in any way harmful to appellant. No evidence was offered in behalf of appellant, and it is fair to presume that if appellant was not the responsible owner he would have endeavored to disprove what evidence there was to that effect. The principle is sound that where a party makes no denial of evidence which makes against him on a material question of fact, when proof to the contrary, if it exists, is easily within his control, such failure strengthens the presumption against him, though raised by evidence in itself weak. Pittsburg, Ft. Wayne & C. R. Co. v. Callaghan, 50 Ill. App. 676–681, and cases there cited.

It is claimed that the trial court erred in refusing certain instructions embodying the doctrine that the master is not liable to an employee for injuries sustained through the negligence or default of a fellow-servant. For reasons which we have above indicated the instructions were not in point and were properly refused.

We find no sufficient reason to interfere with the verdict and judgment and it will therefore be affirmed.

*Affirmed.*

Mr. Justice STEIN took no part.