[No. 5928. Decided March 19, 1906.]

MINER A. WEBSTER, *Respondent,* v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, *Appellant.*[1]

DAMAGES—FOR PERSONAL INJURIES—MEDICAL ATTENDANCE—FUTURE EXPENSES—INSTRUCTIONS. There is sufficient evidence to support an instruction that the jury, in assessing the damages to one who was severely injured, could take into consideration any expense for medicine and care of physicians, necessarily incurred, or that the plaintiff may in the future with reasonable probability be put to, where it appeared that physicians had been employed and attended, and that the plaintiff had not recovered and would continually suffer from permanent injuries, although the amount paid or the value was not shown.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 28, 1905, upon the verdict of a jury rendered in favor of the plaintiff in an action to recover damages for personal injuries. Affirmed.

*Peters & Powell,* for appellant.

*Frank H. Knapp,* for respondent.

MOUNT, C. J.—This action was brought to recover for personal injuries, sustained by respondent while a passenger upon one of appellant's street railway cars. At the trial appellant did not contest its liability for the injuries respondent had sustained, and the only issue tried was the extent of respondent's injuries, and the amount of damages he was entitled to recover. Considerable evidence was taken upon this issue. At the close of the testimony, the court instructed the jury, among other things, that in estimating the damages they might take into consideration "any expense for medicine and care of physicians which plaintiff has necessarily been put to by reason of such injuries, or that he may in the future with reasonable probability be put to by reason of such injuries." The jury returned a verdict in favor of respondent

1Reported in 85 Pac. 2.

for $3,097.50, upon which a judgment was entered, and this appeal is prosecuted.

Appellant concedes that there was evidence to show medical attendance in the past, but contends that there was no evidence to show the value of physician's services prior to the trial, and no evidence that respondent would probably need such services in the future. This is the only question presented on the merits of the appeal. · While there is no direct evidence in the record that respondent had paid for medical attendance in the past, yet there was abundant to show that he had employed, and was attended by, physicians, and that respondent had been severely injured and had not recovered at the time of the trial. Dr. Willis, a witness on behalf of appellant, gave as his opinion that it was doubtful if respondent would ever recover, and said: "I should say in all probability he would improve and get a good deal better, but of course in one of his age I do not know whether he would get entirely over the effects of it or not. I think he should get over it enough so it really should not annoy him materially." Doctors Scudder and Bates, witnesses for the respondent, testified that the injury was permanent and that respondent would continue to suffer as long as he lived. This evidence was sufficient to support the instruction, because when it was shown that respondent was in need of medical attendance and had employed physicians, the presumption followed that there was some expense attached to such employment; and when it was also shown that respondent would suffer in the future, it followed that in all probability he would need medical attention for which the jury were at liberty to fix a nominal sum at least. *Feeney v. Long Island R. Co.,* 116 N. Y. 375, 22 N. E. 402; *Gallamore v. Olympia,* 34 Wash. 379, 75 Pac. 978.

It was therefore not error for the court to give the instruction complained of. The judgment is affirmed.

CROW, HADLEY, and DUNBAR, JJ., concur.

ROOT, J., concurs in the result.