[No. 6173.   Decided December 27, 1906.]

CHARLES W. NIEMYER, *Respondent*, v. THE WASHINGTON WATER POWER COMPANY, *Appellant*.[1]

STREET RAILROADS—OPERATION—CROSSING TRACK—CONTRIBUTORY NEGLIGENCE. In an action for personal injuries sustained in a collision by the driver of a team while crossing a street car track, in a diagonal course, with his back towards the approaching car, the plaintiff is not precluded from a recovery by reason of the fact that, as the motorman could have seen the plaintiff's wagon, the plaintiff might have seen the car had he looked at the moment of starting to drive across the tracks; but the question is for the jury, where the plaintiff had several times looked, and the car could not have been seen for a great distance, and it was in the nighttime and difficult to distinguish the headlight from other lights.

SAME—DUTY TO LOOK AND LISTEN. The requirement that one driving across tracks must "look and listen" does not apply to street railway crossings.

[1]Reported in 88 Pac. 103.

APPEAL—HARMLESS ERROR—INSTRUCTIONS. Instructions which, taken as a whole, are not erroneous, will not be held prejudicial because some of them, considered individually, are inaccurate, if they do not mislead the jury.

SAME — WITNESSES — CROSS-EXAMINATION — EXTENT. Permitting cross-examination of a witness on matters not touched upon in direct examination is not prejudicial error where the evidence could have been elicited by the party by making the witness his own.

DAMAGES—MEDICAL ATTENDANCE—INSTRUCTIONS. In an action for personal injuries, an instruction allowing damages for expenses incurred for medical attention is not error, although there was no evidence of the value of the medical services rendered.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered January 22, 1906, upon the verdict of a jury in favor of the plaintiff, in an action for personal injuries sustained in colliding with a street car. Affirmed.

*H. M. Stephens,* for appellant.

*Kenyon & Setters,* for respondent.

ROOT, J.—Respondent while driving across the street railway track of appellant was struck and injured by one of its cars. From a judgment for damages on account of said injury, this appeal is prosecuted.

Respondent testifies that, before attempting to cross the track, he looked around and listened, looked ahead and back and in every direction; that while "in the block" before crossing he looked back two or three times; that he did not see or hear any car approaching before attempting to cross the track; that he did not know the car was coming until he was partly across the track, and he then hurried to get off; that the car was probably fifty or seventy-five feet when he discovered it, and going "pretty fast"; that he was thrown from his wagon and knocked senseless, the car having struck one of the hind wheels of his wagon; that the accident occurred at about 10 o'clock p. m. or a few minutes there-

after; that it was a starlight night and not very dark. The motorman upon the car testified that he saw a dust arising such as would be occasioned by a wagon passing along, but supposed that it would get off the track, and could not see that it was not so doing until within about fifty feet and too close to avoid a collision.

Appellant urged, first, that the complaint does not state facts sufficient to constitute a cause of action, because it alleges that the motorman saw, or by the exercise of ordinary care could have seen, the respondent in time to have avoided the accident, and insists, if the motorman saw, or could have seen, the respondent, that the latter could likewise have seen the approaching car and avoided it. Possibly and probably the respondent could have seen the approaching car had he looked at the moment he was about to cross the track, or while entering thereupon; but this fact in itself was not sufficient, as a matter of law, to establish negligence or contributory negligence on the part of respondent. It was in the nighttime, and respondent was crossing the track in a diagonal course with his back partially towards the approaching car. There was evidence tending to show that, by reason of the contour of the ground, an approaching car could not be seen for a great distance from this crossing. All of these matters, together with the fact that it is sometimes difficult to distinguish the headlight of a car in the nighttime from other lights, or to judge with any degree of certainty of its distance or of the rapidity of its approach, present a question for the jury as to whether or not, under all the circumstances, the respondent acted as a reasonably prudent and careful man might have done under the same circumstances. What we have here said is determinative also of appellant's contention that a motion for a directed verdict should have been rendered by the trial court. It is urged by appellant that this case is controlled by *Woolf v. Washington R. & Nav. Co.*, 37 Wash. 491, 79 Pac. 997. This contention cannot be upheld, as that

was a case having to do with a steam railway crossing, the
"look and listen" requirement being there applicable but not
always applying to a person crossing a street railway. *Roberts v. Spokane St. R. Co.*, 23 Wash. 325, 63 Pac. 506, 54
L. R. A. 184; *Burian v. Seattle Elec. Co.*, 26 Wash. 606, 67
Pac. 214; *Chisholm v. Seattle Elec. Co.*, 27 Wash. 237, 67
Pac. 601; *Tacoma R. & Power Co. v. Hays*, 49 C. C. A. 115,
110 Fed. 496.

Appellant excepts to the giving of numerous instructions,
and also takes an exception in each instance to the action of
the trial court in refusing to give certain instructions by it
requested. We have examined all of these and believe that
no prejudicial error was committed. The charge, taken as
a whole, presented the case fairly to the jury; and while
there may have been some which, considered individually,
were to a certain extent inaccurate, yet we do not think they
were, when taken in the light of all the instructions, capable
of misleading the jury or prejudicing the rights of appellant. As to instructions requested and refused, the substance
of most of these was contained in the instructions given, and
we do not think that the omission of any other portion can
be said to have been prejudicial to appellant. *Henry v. Grant
Street Elec. R. Co.*, 24 Wash. 246, 64 Pac. 137.

One O. B. Setters, one of respondent's attorneys, was called
as a witness by the appellant, and was cross-examined at some
length by respondent's counsel. It is strongly urged that
this cross-examination constituted error, in that it was not
confined to the matters touched upon in the direct examination. Respondent meets this with the assertion that the
error, if any, was invited by appellant, and contends that if
the rulings of the court were wrong they were not such as
to constitute reversible error. While this cross-examination
was doubtless permitted to an extent greater than was justifiable, we are constrained to believe that it was not prejudicial
error. The direct examination showed the witness to have

been present when the accident occurred. It then became advisable for respondent to show what he knew of the matter. He could have done this by making the witness his own by permission of the court, but proceeded to develop the facts on cross-examination. This was irregular; but, in the light of all the circumstances, we do not think it justifies a reversal of the judgment. *Knapp v. Order of Pendo*, 36 Wash. 601, 79 Pac. 209.

It is especially contended by appellant that the court was in error in giving an instruction wherein it told the jury that, if their verdict was favorable to plaintiff they might allow him such expenses as he had incurred for medical attention, "if any is shown by the testimony in the case." It is claimed that this is error for the reason that there was no evidence as to the value of the medical services rendered to respondent. By virtue of former decisions of this court it may be said that this did not constitute error. *Cole v. Seattle etc. R. Co.*, 42 Wash. 462, 85 Pac. 3; *Webster v. Seattle etc. R. Co.*, 42 Wash. 364, 85 Pac. 2; *Eggleston v. Seattle*, 33 Wash. 671, 74 Pac. 806.

No reversible error appearing in the record, the judgment of the superior court is affirmed.

MOUNT, C. J., CROW, HADLEY, FULLERTON, and DUNBAR, JJ., concur.