[No. 7398. Decided September 24, 1909.]

ALBERT REEKS, *Respondent*, v. SEATTLE ELECTRIC COMPANY, *Appellant*.[1]

DAMAGES—MEASURE—IMPAIRMENT OF EARNING CAPACITY—INSTRUCTIONS. In an action for personal injuries disabling plaintiff from following his trade, where instructions as a whole plainly limited the damages to impairment of earning capacity, it is not error to refuse a request to instruct that the jury must deduct from his loss what plaintiff might be able to earn in other vocations that were open to him.

DAMAGES—INSTRUCTIONS—ISSUES NOT SUPPORTED BY EVIDENCE. In an action for personal injuries, it is not necessarily reversible error to give an instruction submitting an issue as to a particular item of damages, if any was found by the jury, when there was no competent evidence thereof, although the practice of submitting an issue upon which there is no evidence is not commendable.

DAMAGES—EXCESSIVE VERDICT—LOSS OF LEGS. A verdict for $25,000 damages for injuries sustained by a carriage maker, twenty-one years of age, capable of earning from $4 to $4.75 per day, will not be set aside as excessive, where one of his legs was amputated above the knee, the other was left useless; he had submitted to various operations and endured long and intense suffering, and there was nothing in the record to improperly influence the jury or to indicate passion or prejudice.

[1]Reported in 104 Pac. 126.

39—54 WASH.

Appeal from a judgment of the superior court for King county, Griffin, J., entered February 8, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger in a street car collision.   Affirmed.

*James B. Howe* and *A. J. Falknor*, for appellant, to the point that the verdict was excessive, cited: *Williams v. Spokane Falls & N. R. Co.*, 42 Wash. 597, 84 Pac. 1129; *Id.*, 44 Wash. 363, 87 Pac. 491; *Melse v. Alaska Commercial Co.*, 42 Wash. 356, 84 Pac. 1127; *Reddon v. Union Pac. R. Co.*, 5 Utah 344, 15 Pac. 262; *Waldhier v. Hannibal etc. R. Co.*, 87 Mo. 37; *Missouri Pac. R. Co. v. Dwyer*, 36 Kan. 58, 12 Pac. 352; *Wood v. Louisville & N. R. Co.*, 88 Fed. 44; *Renne v. United States Leather Co.*, 107 Wis. 305, 83 N. W. 473; *Kroener v. Chicago etc. R. Co.*, 88 Iowa 16, 55 N. W. 28; *Bailey v. Rome etc. R. Co.*, 29 N. Y. Supp. 816; *Wimber v. Iowa Cent. R. Co.*, 114 Iowa 551, 87 N. W. 505; *Reynolds v. St. Louis Transit Co.*, 189 Mo. 408, 88 S. W. 50; *Chicago & N. W. R. Co. v. Jackson*, 55 Ill. 492, 8 Am. Rep. 661

*Wright & Kelleher,* for respondent, to the point that the verdict was not excessive, cited: *Williams v. Spokane Falls & N. R. Co.*, 42 Wash. 597, 84 Pac. 1129; *Roth v. Union Depot Co.*, 13 Wash. 525, 43 Pac. 641, 31 L. R. A. 855; *Reddon v. Union Pac. R. Co.*, 5 Utah 344, 15 Pac. 262; *Waldhier v. Hannibal etc. R. Co.*, 87 Mo. 37; *Missouri Pac. R. Co. v. Dwyer*, 36 Kan. 58, 12 Pac. 352; *Wood v. Louisville & N. R. Co.*, 88 Fed. 44; *Wimber v. Iowa Central R. Co.*, 114 Iowa 551, 87 N. W. 505; *Reynolds v. St. Louis Transit Co.*, 189 Mo. 408, 88 S. W. 50; *Renne v. United States Leather Co.*, 107 Wis. 305, 83 N. W. 473; *Bailey v. Rome etc. R. Co.*, 29 N. Y. Supp. 816; *Chicago & N. W. R. Co. v. Jackson*, 55 Ill. 492, 8 Am. Rep. 661; *Union Pac. R. Co. v. Connolly*, 77 Neb. 254, 109 N. W. 368; *Whitehead*

*v. Wisconsin Cent. R. Co.*, 103 Minn. 13, 114 N. W. 254, 467; *St. Louis & S. W. R. Co. v. Cleland* (Tex. Civ. App.), 110 S. W. 122; *Ehrman v. Brooklyn City R. Co.*, 14 N. Y. Supp. 336; *Williamson v. Brooklyn Heights Co.*, 65 N. Y. Supp. 1054; *Fonda v. St. Paul City R. Co.*, 77 Minn. 336, 79 N. W. 1043; *Texarkana Co. v. Toliver*, 37 Tex. Civ. App. 437, 84 S. W. 375; *Pittsburgh etc. R. Co. v. Simons*, 168 Ind. 333, 79 N. E. 911; *Alberti v. New York etc. R. Co.*, 43 Hun 421.

RUDKIN, C. J.—On the 3d day of March, 1907, the plaintiff Reeks was severely injured in a collision between two street cars, operated by the defendant company over its line between Fort Lawton and the city of Seattle. This action was instituted to recover damages for the injuries thus received, and from a judgment in favor of the plaintiff in the sum of $25,000, the present appeal is prosecuted. Negligence on the part of the appellant company was conceded, and there was no claim of contributory negligence on the part of the respondent; so that the only question submitted for the consideration of the jury was the amount of damages to which the respondent was entitled. Error is assigned in the giving and refusing of instructions, and in the refusal of the court to grant a new trial or reduce the amount of the verdict.

The appellant requested the court to charge the jury as follows:

"There is evidence in this case tending to show that plaintiff, who was a carriage maker by trade, has been so injured as to disable him from following that vocation. From this fact alone you are not entitled to conclude that the earning capacity of plaintiff is entirely gone, but it is your duty to determine whether or not other vocations in life are open to him, and if you believe the plaintiff will be, notwithstanding the disablement, able to enter some other vocation and have an earning capacity therein, you are to consider what he would be able to earn therein, and deduct such amount from

any injury or loss he will suffer by reason of being disabled from following his present vocation."

The court instructed the jury substantially as requested, except that instead of directing them to deduct the amount the respondent might be able to earn in other employments from the amount he might have earned in his present vocation, it said: "You may consider such facts in arriving at your verdict." It is now contended that this modification left it optional with the jury to award a recovery as for a total loss of earning capacity even though a total loss was not proved. When the instructions of the court are read in their entirety, this criticism is unfounded. It is not the province of the court to direct the process or method by which juries shall make up or reach their verdicts. So long as the court laid down the proper measure or rule of damages for the guidance of the jury, the law is satisfied; and considering the charge in this case as a whole, the jury could not have been misled. They were plainly given to understand that the respondent was entitled to recover such damages as resulted from the impairment of his earning capacity and nothing more.

The court further instructed the jury that they might include in their verdict such reasonable sums, if any, as they found the respondent had been compelled to expend, "for physicians, nursing, hospital expenses, medicines, dressings, artificial limbs and appliances, by reason of the injury." This instruction was excepted to, and in support of the exception it is contended that no testimony was offered tending to show that the respondent had paid out money or incurred liability for artificial limbs or appliances. The contention that there was no testimony to sustain this particular claim is well founded, but this does not render the instruction erroneous or call for a reversal under the rulings of this court. *Eggleston v. Seattle*, 33 Wash. 671, 74 Pac. 806; *Niemyer v. Washington Water Power Co.*, 45 Wash. 170, 88 Pac. 103. The practice, however, of submitting issues to juries which

are not supported by any competent testimony is not to be commended.

The last assignment of error is based upon the claim that excessive damages were allowed under the influence of passion or prejudice. The allowance was certainly large, but the injuries were severe and permanent. At the time of the accident the respondent was about twenty-one years of age, a carriage maker by trade, earning $3.25 per day, and at the time of the trial would have been earning from $4 to $4.75 per day as a skilled mechanic, but for this accident. He was of good habits, had a fair education, and bid fair to be successful in his chosen occupation. One of his legs was amputated a few inches above the knee, and the other leg was left worse than useless. He was confined in the hospital for months and was compelled to submit to operation after operation. His suffering was long and at times intense.

There is no fixed standard by which damages in this class of actions may be ascertained. Any attempt on the part of courts or juries to measure the value of human limbs or fix the price of human suffering in dollars and cents is like "trying to count what is not number, and to measure what is not space." Such questions must be left to the sound sense and sober judgment of juries, and courts may not interfere unless passion or prejudice has intervened, or there is no evidence to support the verdict. There is nothing in the record before us to indicate anything of that kind. No improper testimony was admitted or offered, there was no improper comment or statement of counsel, there was no attempt to inflame the passions of the jury or create a prejudice in their minds; in short, nothing occurred at the trial to influence the amount of the verdict except the appearance of the respondent and the simple story of his suffering. We might cite cases from other jurisdictions where verdicts as large or nearly as large were upheld for lesser injuries, but such citations would serve no useful purpose. Suffice it to say, we find nothing in the

record to warrant us in disturbing a verdict which has received the sanction and approval of the trial court.

The judgment is therefore affirmed.

DUNBAR, CROW, PARKER, CHADWICK, and GOSE, JJ., concur.