[No. 23734. Department Two. December 21, 1932.]

FRANK AUERBACH, *Respondent*, v. GEORGE H. WEBB, *Appellant.*[1]

[1]Reported in 17 P. (2d) 1.

*Shorett, Shorett & Taylor* and *W. G. McLaren*, for appellant.

*Bogle, Bogle & Gates*, for respondent.

BEALS, J.—Plaintiff, by occupation a gardener, while driving a truck along a road on the eastern shore of lake Washington, was so unfortunate as to kill a dog belonging to defendant. Defendant followed plaintiff, and their meeting terminated in a physical conflict between the men, which resulted in defendant's arrest upon the charge of assault. Of this charge, defendant was found guilty and fined. Later, plaintiff instituted this action for the purpose of recovering damages which he claimed to have resulted from the battery inflicted upon him by defendant; plaintiff claiming such damages in the sum of $7,500. In his answer, defendant pleaded aggravation and self-defense, denying all liability to plaintiff. The trial of the action to a jury resulted in a verdict in plaintiff's favor in the sum of five hundred dollars, and, from a judgment entered upon this verdict, defendant appeals.

Appellant admits that the testimony presented a conflict which justified the trial court in submitting to the jury the question of appellant's liability, but contends that the trial court erred in giving two instructions, and in not declaring a mistrial and discharging the jury because of conduct on the part of respondent's counsel which appellant contends was improper.

It appears in the evidence that respondent was regularly employed at a salary of one hundred and fifty dollars per month, his complaint alleging a loss of wages, and also the expenditure of "approximately $250" for medical services. Respondent testified on the trial that he was still in the employ of the same person for whom he had been working prior to his altercation with appellant, and did not testify that, as

a result of the injuries which he received, he had lost any wages. As to expense for medical services, respondent testified that he had consulted three different doctors, but failed to introduce any evidence as to the amount of their charges or the reasonable value thereof.

The court instructed the jury that, in assessing respondent's damages, if they found in his favor, they should take into consideration the nature and extent of his injuries, his pain and suffering, etc.,

". . . and the loss of earnings, if any, as he has sustained in the past, or may reasonably be certain to endure in the future; also such expenses, if any, as plaintiff has been reasonably required to incur for the services of physicians and medical treatment."

Appellant's counsel excepted to this instruction, the exceptions clearly raising the questions here presented.

As to any possible future loss of earnings, the court instructed the jury that they could not indulge in speculation or uncertainties, "but may award damages only for such matters as are reasonably certain to happen as disclosed by the evidence."

Trial courts should, of course, instruct juries only as to issues fairly presented by the evidence. As was said in the case of *Reeks v. Seattle Electric Co.*, 54 Wash. 609, 104 Pac. 126, "The practice, however, of submitting issues to juries which are not supported by any competent testimony is not to be commended." We desire to reaffirm this proposition and again stress that principle.

Appellant relies upon the opinion of this court in the case of *Cole v. Schaub*, 164 Wash. 162, 2 P. (2d) 669, 7 P. (2d) 1119, in which a judgment in the sum of $7,500 in favor of the plaintiff was reversed and a new trial ordered, because the court instructed the

jury that they could take into consideration "impaired earning capacity, if any," there having been neither allegation nor proof as to any lessened earning power. In the case cited, the jury returned a very substantial verdict in favor of the plaintiff. It clearly appeared that the jury might have given the matter of plaintiff's impaired earning capacity very serious consideration in determining the amount of her damages. In the case at bar, the trial court instructed the jury that, as to future loss of earnings, they could not indulge in speculation or uncertainty, and we are clearly of the opinion that, as to this phase of the matter, the record discloses no reversible error.

As to the matter of actual loss of earnings and damages because of medical services, in view of all of the circumstances of the case, we are constrained to hold that the error complained of does not require the granting of a new trial. In the case of *Webster v. Seattle, Renton etc. R. Co.*, 42 Wash. 364, 85 Pac. 2, it having appeared that the plaintiff had received medical attention, this court said:

"This evidence was sufficient to support the instruction, because when it was shown that respondent was in need of medical attendance and had employed physicians, the presumption followed that there was some expense attached to such employment; and when it was also shown that respondent would suffer in the future, it followed that in all probability he would need medical attention for which the jury were at liberty to fix a nominal sum at least. *Feeney v. Long Island R. Co.*, 116 N. Y. 375, 22 N. E. 402; *Gallamore v. Olympia*, 34 Wash. 379, 75 Pac. 978."

In the later case of *Helland v. Bridenstine*, 55 Wash. 470, 104 Pac. 626, the court submitted to the jury the question of loss of earnings, the defendant on appeal contending that error had been thereby committed. In affirming the judgment appealed from, this court said:

"There was in fact no evidence introduced in the case tending to show loss of service or earnings on the part of the appellant, and, inasmuch as loss of earnings was one of the elements of damage alleged in the complaint, the court might very properly have given the instruction requested. But it was not reversible error in this case to fail to do so. There was no misdirection on this point; what fault there was lies in the fact that the jury were not specially cautioned as to the matter. But it will not be presumed that the jury went out of its way to find on an issue on which the evidence was silent. It does not affirmatively appear that they did so, and to constitute error it must so affirmatively appear. Error must be shown affirmatively; it is not presumed."

The cases of *Cole v. Seattle, Renton etc. R. Co.*, 42 Wash. 462, 85 Pac. 3; *Niemyer v. Washington Water Power Co.*, 45 Wash. 170, 88 Pac. 103; *Anderson v. Hurley-Mason Co.*, 67 Wash. 342, 121 Pac. 815, Ann. Cas. 1913D, 148; and *Reeks v. Seattle Electric Co.*, *supra*, are to the same effect.

In determining that the record herein does not call for a reversal of the judgment appealed from, we take into consideration the principle laid down by this court in the case of *Passage v. Stimson Mill Co.*, 52 Wash. 661, 101 Pac. 239, in which this court, in holding that an instruction upon which error was assigned did not call for the granting of a new trial, said: "The smallness of the verdict renders it practically certain that it did not act to the prejudice of the defendant."

In the late case of *Reed v. Jamieson Investment Co.*, 168 Wash. 111, 10 P. (2d) 977, in considering an instruction improperly submitting to the jury a certain element of medical expense, this court said:

"Here we have an instruction referring to expenses, 'if any,' occurring between the date of the accident and the date of the trial, and also expenses to be incurred in the future, with no evidence supporting the

former but with clear and undisputed evidence supporting the latter, in an amount clearly in excess of the entire special claim of damage of five hundred dollars for all of such alleged expenses. While, as a matter of technical right, the investment company was entitled to have the instruction confined exclusively to the alleged special damages, measured by expense to be incurred in the future, it seems plain to us that the jury did not award to Dr. Reed any recovery for any other special damage expenses. Therefore, we conclude that this portion of the instruction was not prejudicial to the rights of the investment company.''

The supreme court of Arkansas, in the case of *Pine Bluff, S. & S. Ry. Co. v. Leatherwood*, 117 Ark. 524, 175 S. W. 1184, used the following language:

''Error is also assigned in submitting to the jury the question of the permanency of the injury, it being contended that there was no evidence tending to show that the injury was permanent. It is true that the injury was not permanent, except that there will probably be a scar on the lower part of appellee's leg, and it was improper to submit to the jury that question; but the jury assessed a very small amount of damages and the testimony as to pain and suffering is abundantly sufficient to warrant a finding for the amount which the jury awarded. It is manifest, therefore, that the jury did not allow anything for permanent injury, and the error in submitting that issue was not prejudicial.''

The matters improperly included in the instruction complained of do not, under all the circumstances of this case, require the granting of a new trial.

In the next place, appellant complains of an instruction of the trial court, in which the jury were told that they should be ''slow to believe that any witness has testified falsely.'' A similar instruction was considered by this court in the recent case of *Larson v. Union Investment Co.*, 168 Wash. 5, 10 P. (2d) 557,

and the giving thereof held not to constitute reversible error.

■ Finally, appellant contends that respondent's counsel was guilty of misconduct in calling to the attention of the jury, during the course of his argument after the close of the case, the fact that appellant had been by a justice of the peace found guilty of assaulting respondent. In this connection, the statement of facts discloses that the following occurred:

"Mr. Long: And the testimony is in, members of the Jury, that the justice of the peace at Medina found Mr. Webb guilty of assaulting Mr. Auerbach and fined him $25 for that. Mr. McLaren: I object to that remark of counsel, and I ask that that be stricken. Mr. Long: Yes, it may be stricken. I will join in that request. The Court: It will be stricken, and, members of the Jury, you are instructed to disregard the statement of counsel."

The record contains the following evidence concerning this matter:

"Q. Were you or were you not convicted of the crime of assault and battery in the third degree for assaulting Mr. Frank Auerbach, before the justice of the peace at Medina on April 4, 1931? Mr. McLaren: We object to that question upon the ground that it is of no binding effect or value before this jury, unless the court would instruct the jury that it is admissible solely for the purpose of affecting the credibility of this witness. Mr. Long: I am willing that the court should so instruct."

While respondent's counsel was wrong in calling the jury's attention to the fact that appellant had been convicted, we hold that the matter was cured by the proceedings immediately following the erroneous statement. Appellant's counsel objected, and moved that the improper remark be stricken, respondent's counsel himself joined in the request, and the court promptly and clearly instructed the jury to disregard the state-

ment of counsel. In its general instructions, the court properly instructed the jury as to this phase of the evidence.

Under these circumstances, it must be held that the error was cured and that no prejudice resulted. We must assume that the jury obeyed the instruction of the court to the effect that they should disregard the remark of respondent's attorney, and the remark itself, while erroneous, was not of such a nature as to require a holding that prejudice must be assumed, there being nothing in the record nor in the verdict returned by the jury which indicates or reflects any prejudice on the part of the jury.

The record before us being free from reversible error, the judgment appealed from is affirmed.

TOLMAN, C. J., MAIN, and STEINERT, JJ., concur.