The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date:** June 22, 2023

**No. S-1-SC-39313**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DAMIAN HERRERA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Jason Lidyard, District Judge**

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

Raúl Torrez, Attorney General
Van Snow, Assistant Attorney General
Santa Fe, NM

for Appellee

## DISPOSITIONAL ORDER

**PER CURIAM.**

{1} WHEREAS, this matter came before the Court on Defendant Damian Herrera's direct appeal after a jury convicted him of four counts of first-degree murder contrary to NMSA 1978, Section 30-2-1(A)(1) (1994), aggravated fleeing a law enforcement officer contrary to NMSA 1978, Section 30-22-1.1 (2003, amended 2022), receiving or transferring a stolen vehicle or motor vehicle contrary to NMSA 1978, Section 30-16D-4 (2009), resisting, evading, or obstructing an officer contrary to NMSA 1978, Section 30-22-1 (1981), attempt to disarm a peace officer contrary to NMSA 1978, Section 30-28-1 (1963) and NMSA 1978, Section 30-22-27(A)(1) (1997), assault upon a peace officer contrary to NMSA 1978, Section 30-22-21(A)(1) (1971), larceny of a firearm contrary to NMSA 1978, Section 30-16-1(H) (2006), and theft of a credit card contrary to NMSA 1978, Section 30-16-26 (1971), *see* Rule 12-102(A)(1) NMRA (requiring "appeals from the district courts in which a sentence of death or life imprisonment has been imposed" to be taken to this Court);

{2} WHEREAS, pursuant to *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, ¶ 20, 103 N.M. 655, 712 P.2d 1, Defendant asks this Court to reverse his convictions on the grounds that the district court abused its discretion by admitting irrelevant photographs of a rifle and

ammunition and by allowing an officer to testify on rebuttal about his observations regarding whether Defendant was intoxicated;

{3}     WHEREAS, the Court concludes that the district court did not abuse its discretion in admitting the photographs or allowing the rebuttal testimony, *see State v. Simonson*, 1983-NMSC-075, ¶ 22, 100 N.M. 297, 669 P.2d 1092 ("An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case.");

{4}     WHEREAS, Defendant further asks this Court to reverse his convictions on the grounds that the district court abused its discretion by admitting lapel video of a highly emotional statement given at the crime scene by Defendant's sister because the probative value of the video was substantially outweighed by its prejudicial impact, *see* Rule 11-403 NMRA ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice.");

{5}     WHEREAS, Defendant failed to show that any error was not harmless because the lapel video was cumulative of unchallenged testimony, there was no additional emphasis placed on the video, and the video played for less than one minute on the first day of a thirteen-day trial, *see State v. Serna*, 2013-NMSC-033, ¶ 23, 305 P.3d 936; *State v. Tollardo*, 2012-NMSC-008, ¶ 36, 275 P.3d 110 ("[A]

3

non-constitutional error is harmless when there is no reasonable *probability* the error affected the verdict." (internal quotation marks and citation omitted));

{6}     WHEREAS, Defendant further contends that his convictions for assault upon a peace officer and for resisting, evading, or obstructing a peace officer violate the Fifth Amendment prohibition against double jeopardy, *see State v. Porter*, 2020-NMSC-020, ¶¶ 1, 5, 476 P.3d 1201 (noting that the Fifth Amendment of the United States Constitution prohibits "imposing multiple punishments for the same offense" (internal quotation marks and citation omitted));

{7}     WHEREAS, when the conduct forming the basis for two charges under two different statutes is unitary and the Legislature did not intend to punish the conduct separately, the Fifth Amendment prohibition against double jeopardy is violated, *Swafford v. State*, 1991-NMSC-043, ¶ 25, 112 N.M. 3, 810 P.2d 1223;

{8}     WHEREAS, conduct is unitary "if the acts are not separated by sufficient indicia of distinctness," *State v. Porter*, 2020-NMSC-020, ¶ 12 (internal quotation marks and citation omitted);

{9}     WHEREAS, in determining whether conduct is unitary, we consider "whether the acts were close in time and space, their similarity, the sequence in which they occurred, whether other events intervened, and the defendant's goals for and mental

4

state during each act." *State v. Franco*, 2005-NMSC-013, ¶ 7, 137 N.M. 447, 112 P.3d 1104;

{10}     WHEREAS, the conduct underlying Defendant's conviction for resisting, evading, or obstructing a peace officer and assault on a peace officer occurred close in time and space, were similar in nature, there were no intervening events between the two acts, and Defendant's goals for and mental state during each act were the same;

{11}     WHEREAS, the Court concludes Defendant's conduct underlying each charge was unitary;

{12}     WHEREAS, neither the resisting, evading, or obstructing a peace officer statute nor the assault upon a peace officer statute explicitly authorizes punishing a defendant for conduct that violates both statutes, *see Porter*, 2020-NMSC-020, ¶ 15 (internal quotation marks and citation omitted);

{13}     WHEREAS, when the Court determines the underlying conduct is unitary, "we consider the state's legal theory of the case applied to the statutes at issue to determine the elements of each offense the defendant committed" to decide "whether one of the offenses subsumes the other offense," *id.* ¶¶ 18, 20;

{14}     WHEREAS, the elements of resisting, evading, or obstructing a peace officer are subsumed within the elements of assault on a peace officer under the State's legal

5

theory of the case, *see State v. Diaz* 1995-NMCA-137, ¶¶ 14-15, 121 N.M. 28, 908 P.2d 258 (concluding for that case that resisting, evading, or obstructing an officer, § 30-22-1(B) or (D), is a lesser included offense of aggravated assault upon a peace officer, § 30-22-21(A)(1));

{15}    WHEREAS, the Court concludes that Defendant's convictions for resisting, evading, or obstructing a peace officer under Section 30-22-1 and assault on a peace officer under Section 30-22-21(A)(1) violate the Fifth Amendment prohibition against double jeopardy and that one or the other of these two convictions, which carry identical sentences, must be vacated, *see State v. Montoya*, 2013-NMSC-020, ¶ 55, 306 P.3d 426 ("[W]here one of two otherwise valid convictions must be vacated to avoid violation of double jeopardy protections, we must vacate the conviction carrying the shorter sentence.");

{16}    WHEREAS, the Court having considered the briefs and being otherwise fully informed on the issues and applicable law; and

{17}    WHEREAS, the Court has chosen to exercise its discretion under Rule 12-405(B) NMRA to dispose of this case by nonprecedential order rather than by formal opinion;

{18}    NOW, THEREFORE, IT IS ORDERED this case is remanded to the district court with instructions to vacate either Defendant's conviction for resisting, evading,

6

or obstructing a peace officer or his conviction for assaulting a peace officer and to leave Defendant's remaining convictions in place.

{19}    IT IS FURTHER ORDERED that Defendant's judgment and sentence is otherwise affirmed.

{20}    **IT IS SO ORDERED.**

_____
**C. SHANNON BACON, Chief Justice**

_____
**MICHAEL E. VIGIL, Justice**

_____
**DAVID K. THOMSON, Justice**

_____
**JULIE J. VARGAS, Justice**

_____
**BRIANA H. ZAMORA, Justice**