GULF, COLORADO & SANTA FE RAILWAY COMPANY v. F. HARBISON.

No. 1520. Decided February 26, 1906.

1.—Overflow—Damages—Deposits on Soil.

Where plaintiff suing for damages by overflow of his land caused by a railway structure, alleged injury by deposits of mud on the soil, but introduced no evidence of such damage, it was not error to exclude evidence offered by defendant that the deposits were of rich alluvium, increasing the value of the land. (Pp. 537, 538.)

**2.—Same.**

If it was competent for defendant to offset damages of a different character by showing the benefit to the soil by deposits from the overflow, he should have offered also to show the amount of such enhancement of value.  (P. 538.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Lamar County.

Harbison sued the railway company and had judgment.  Defendant appealed, and on affirmance obtained writ of error.

*J. W. Terry* and *A. H. Culwell,* for plaintiff in error.  The court erred in refusing to permit the defendant to prove by Hiram Gross, T. J. Carter and Dan Sales, that the deposits of sediment found on plaintiff's land were of a rich alluvial soil, and that the deposits of same thereon would not tend to injure said land, but would increase its value.

*Hale, Allen & Dohoney,* for defendant in error.—Relative benefits and detriments is not a proper subject of inquiry in this case.  Austin & N. W. Ry. Co. v. Anderson, 79 Texas, 434.

Defendant in error offered no evidence to show that his land had been injured by sediment, was not seeking to recover for such injury, was not seeking to recover for permanent injury to his land at all, and the only damage alleged and proven was the value of cotton destroyed, and the costs of cleaning out ditches and removing drift from land.

The bill of exceptions states only that the witnesses would have said that sediment would not tend to injure land but would benefit it; and does not show in what amount it would have benefited the land.  If the testimony had been admitted it would not have afforded the jury any aid further than they already had, in determining the amount of the damage sustained.

GAINES, CHIEF JUSTICE.—This suit was brought by the defendant in error against the plaintiff in error to recover damages alleged to have resulted to his crops and land by the diversion of the waters of Sulphur River by the works of the railroad company.  When we passed upon the application for the writ of error, we thought that no error was shown, save as to the refusal of the trial judge to admit certain testimony offered by the defendant company.  Upon a reconsideration of the case, after its submission in this court, we are now of the opinion that the court did not err in excluding the offered testimony.  As to the other assignments, we are still of the opinion that they were correctly overruled by the Court of Civil Appeals.

The bill of exceptions shows that the defendant offered to prove by Hiram Gross and two other witnesses, "that the deposits of sediment found on plaintiff's land were of a rich alluvial soil, and that the deposit of same thereon would not tend to injure said land, but would increase its value."  We think that the allegations of the petition were broad enough to permit a recovery for damages for the deposit of mud upon the land—if any such damages resulted.  But so far as we have been able to see the plaintiff introduced no evidence as to such damage.

He testified as to the injury to his crops and damages resulting to the land from the washing out of the soil, the deposit of drift wood, and the filling up of his ditches. He said in part: "These overflows washed out holes in some places and washed out cotton, left deposits on my land, filled up the little ditches and several other places. If a deposit was made in a low place and that was filled up it would have made the land better." Evidently he did not claim that the sediment had injured the soil. If any such claim was made in the evidence, it has not been pointed out to us, nor have we found it upon the examination of the somewhat voluminous statement of the evidence. If such had been the case, the testimony offered and excluded may have been admissible. Now whether in order to diminish the damages which resulted from the injury to the crops, or from the deposit of drift wood and the filling up of the ditches, it would have been competent to show that the value of the land had been enhanced by a sediment of a fertilizing character, is a question we are not called upon to decide, and which we do not decide. For if it were competent to show this, the defendant should have gone further, and should have offered to show the amount by which the value of the land had been enhanced. How the excluded evidence could by itself have aided the jury we fail to see. Could they have discounted the damages to the land by subtracting the benefits, without knowing the value of the latter? Clearly not. Therefore, we think that it was not error to exclude the testimony.

Finding no error in the proceedings which resulted in the judgment of the trial court, it and that of the Court of Civil Appeals are affirmed.

*Affirmed.*