[No. 6039. Decided March 27, 1906.]

WILLIAM A. COLE, *Respondent,* v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, *Appellant.*[1]

DAMAGES—PERSONAL INJURIES—INSTRUCTIONS—OBJECT OF RIDI-CULE—HARMLESS ERROR. In an action for personal injuries sustained by a passenger, where liability for serious injuries and impairment of hearing is admitted by the defendant, argumentative instructions to the effect that the defendant would be liable for damages if the plaintiff was rendered an object of ridicule or deprived of the companionship of his fellows, is not prejudicially erroneous, although there was no evidence warranting the same, where the jury saw and heard the plaintiff upon the witness stand, and could therefore judge whether any such conditions existed.

SAME—MEDICAL ATTENDANCE—LIMITING TO AMOUNT ALLEGED. In an action for personal injuries, an instruction limiting the recovery for medical services and loss of time to the amount alleged in the complaint is not erroneous as a suggestion that there was sufficient evidence to warrant findings for such sums.

SAME—PROBABLE LOSS OF TIME AND FUTURE EXPENDITURES. An instruction is proper allowing the jury, in assessing damages for personal injuries, to take into consideration the probable loss of time and expenditures that plaintiff will be put to in the future,

1Reported in 85 Pac. 3.

where the expert witnesses testify that further medical attendance
would probably be necessary; and the same is not objectionable be-
cause not expressly limited to expenditures that are reasonably
necessary.

SAME—PERMANENT IMPAIRMENT OF MENTAL FACULTIES.  An in-
struction allowing damages for permanent impairment of mental
faculties is warranted where the evidence tended to show permanent
impairment of health, lack of mental vigor and control, and inability
to give intelligent and consecutive attention to business, never ex-
perienced prior to the accident, and consequent decrease in earning
power.

ROOT, J., dissents.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered June 19, 1905, upon the verdict
of a jury rendered in favor of the plaintiff in an action for
injuries sustained by a passenger in a street car collision.
Affirmed.

*Peters & Powell,* for appellant.

*Hastings & Stedman,* for respondent.

CROW, J.—This is an action to recover damages for per-
sonal injuries.  The appellant, Seattle, Renton & Southern
Railway Company, a corporation, operates a line of electric
railway between Seattle and Renton, in King county.   On
October 25, 1904, a collision occurred between two of its
cars, on one of which the respondent, William A. Cole, was
a passenger.   After the collision respondent was picked up
in an unconscious condition, and taken to a hospital, where
he remained for two or three weeks before recovering suffi-
ciently to return home.   He alleges serious permanent in-
jury to his general health, his mental and business capacity,
and also his sense of hearing.   The appellant has tendered no
issue on its liability to answer in damages, the negligence
of its employees not being denied.   The only issues tried
were the extent of respondent's injuries, and the amount of
his damages.

The evidence tends to show that respondent received a
violent blow upon the right side of his head, causing con-

cussion of the brain and nervous shock, from which he still claims to suffer; that his general health has been impaired; that he has sustained loss in business capacity, and also in mental energy and control. It appears beyond dispute that the sense of hearing in his right ear has been impaired. He also claims an injury to his eyesight, and contends that, although only thirty-five years old, he has aged rapidly since the accident. Although there is a sharp conflict in the evidence as to some of these claims, yet there is much testimony to sustain them. The jury returned a verdict in respondent's favor for $7,500, and from a judgment entered thereon, this appeal has been taken.

The only errors presented are based upon instructions to the jury, the first assignment being that the court erred in giving the following instruction:

"If a person or a corporation negligently causes an injury to another who is without fault, which makes the latter an object of pity to his fellow-men and an object of ridicule to the thoughtless and unfeeling and deprives him of the comfort and companionship of his fellows, should respond in damages for the injury sustained. Therefore if you find for the plaintiff and further find that among other injuries either or both of his ears were impaired at the time so that his hearing is impaired and a considerable degree of deafness has ensued which is more or less permanent, and as a consequence the plaintiff's ability to gain remunerative employment has been lessened or decreased, then you may not only allow him such sum as damages therefor as in your sound judgment will reasonably compensate him for the difference between his lessened earning capacity on account of such deafness, if any, and what it would be if his hearing was not impaired, but also compensation for any probable distress of mind or mental suffering, if any, that he may endure by reason of having such deafness."

The foregoing instruction seems to be the one most vigorously attacked, and upon the alleged error in giving it appellant seems to base its principal reliance for a reversal. It is contended by appellant that this instruction is argumenta-

tive, is not based on any evidence in the case, and is erroneous and prejudicial in the extreme. We think it subject to criticism in that it is perhaps argumentative, and includes expressions and statements not pertinent to the issues or evidence. It is true, as contended by appellant, that no direct evidence was offered sufficient to show the impairment of respondent's hearing to have been of such a character or degree as to make him an "object of pity to his fellow men," or "an object of ridicule to the thoughtless and unfeeling," or "deprive him of the comfort and companionship of his fellows," and these expressions should have been omitted by the court. There was ample and undisputed evidence showing that respondent's hearing, especially in the right ear, had been seriously and perhaps permanently impaired. The jury, however, saw respondent, heard him give his testimony in open court in response to interrogatories propounded to him by counsel, and must have observed how well he could hear. If there was anything in his condition or appearance sufficient to render him an object of pity or ridicule, or to deprive him of the comfort and companionship of his fellow men, the jury knew that fact. On the other hand, if no such conditions existed or were apparent, they likewise knew that fact. We would not be justified in assuming they were in any way misled by the wording of this instruction.

The principal difficulty with the instruction is that it is based upon and quotes certain language used *arguendo* in *Gray v. Washington Water Power Co.*, 30 Wash., at page 674, 71 Pac., at page 209, which was not a part of any instruction there approved by this court, but was employed with reference to the facts then before the court arising out of the condition of the plaintiff in that case, who was shown to have been so horribly mutilated and disfigured as to render her appearance repulsive. It is not invariably a safe or correct practice for attorneys and trial courts to formulate instructions by inserting therein exact quotations from argu-

mentative language which an appellate court may have employed as applicable to an entirely different state of facts. Although this instruction may be correct as an abstract principle of law, it is not applicable to the evidence in this case.

Yet, notwithstanding this criticism, we fail to see how it constituted prejudicial error. The jury could not have been misled, as they saw respondent and knew his exact condition. No question was raised as to the fact of his injuries, nor as to the appellant's liability for damages. He was injured to some extent and was entitled to some compensation in damages, and we are not justified in presuming that the jury, ignoring the evidence and disregarding the appearance and condition of respondent, found he was an object of pity or contempt, or that he was liable to be deprived of the comfort and companionship of his fellows, nor can we presume that they allowed him additional damages on account of any such conditions not shown to exist. This being true, the argumentative character of the instruction, as disclosed by the use of the word "therefore," while objectionable, does not seem to us to have been harmful or prejudicial to appellant.

The court, in effect, further instructed the jury that they might, if warranted by the evidence, allow damages to respondent for medical services for which he had become liable or had obligated himself, in an amount not exceeding $100; also, that they could, if warranted by the evidence, allow him damages for loss of time, not exceeding $450. Appellant complains of these instructions, contending there was no evidence of any expense incurred for medical services exceeding $60 or $70; also, that it was for the jury to say whether the evidence as to loss of earnings amounted to $450. As we understand the appellant's contention, it insists that these instructions were an intimation or suggestion to the jury that there was evidence sufficient to warrant a finding of $100 for medical services, and $450 for loss of earnings. We do not think the instructions were improper or susceptible of any such construction. In his complaint respondent alleged dam-

ages for medical services incurred in the sum of $100, and for loss of earnings in the sum of $450, and all the court did was to limit the recovery to the amounts alleged, without any suggestion as to any sum which the evidence authorized or that should be allowed. The court properly based these instructions upon the issues presented by the pleadings. *Goldthorpe v. Clark-Nickerson Lumber Co.*, 31 Wash. 467, 71 Pac. 1091.

The court also instructed the jury as follows:

"If you find for the plaintiff in this action, and if you find by a fair preponderance of the proofs that he will suffer pain in the future, and will be subject to loss of time and expenditures because of such injuries, then you are instructed that you can in estimating his damages take into consideration the probable amount of pain he will suffer, the probable loss of time and the probable amount of expenditure he will be put to in the future on account of such injuries, all of which may be in addition to the other items, if any, that may enter into your calculations, but in no event shall the amount of your verdict exceed the sum sued for by the plaintiff, to wit, $15,650."

Appellant complains that by this instruction the court erred in permitting the jury to assess damages for the probable amount of expenditure the respondent will incur in the future, and contends there was no evidence to afford a basis for awarding any such damages, and that the jury was left to assess damages by mere guess, without being told the expenditures must be reasonably necessary. A number, if not all, of the physicians called as witnesses testified that it might be, or probably would be, necessary for the respondent to have further medical treatment. While it was impossible to estimate, with mathematical certainty, what such treatment would cost, the jury, when awarding damages, were authorized to consider the probability of such treatment becoming necessary. This instruction, we think, is within the rule heretofore announced by this court. See, *Gallamore v. Olym-*

*pia,* 34 Wash. 379, 75 Pac. 978; *Webster v. Seattle etc. R. Co.,* ante p. 364, 85 Pac. 2.

The last instruction complained of by the appellant reads as follows:

"If through any negligence of the carrier or its employees a passenger is injured without any fault or negligence on his part, then such carrier becomes liable for all damages that such passenger may suffer on account of any injuries so received or that are directly and proximately traceable to such injuries which would be reasonable compensation for the pain and suffering arising to him from such injuries as well as for all permanent injuries to him or to any portion of his body or the permanent impairment of any of his organs and for any injury to his mental faculties caused by such injuries, and in this connection if you find for the plaintiff in this action you may consider the evidence, if any relating to the plaintiff's mental faculties, and if you find that the plaintiff's mind or his mental faculties were injured or permanently impaired by reason of said injuries, then you may consider damages therefor, and in estimating such damages you should consider the degree of probable permanent injury to plaintiff's mind and to what extent such impairment of plaintiff's mental faculties, if any, lessens plaintiff's capacity for performing equally as remunerative employment as before such injuries; and if you find that his capacity for obtaining employment or earning a livelihood has been lessened by reason of such injuries to his mind or to his mental faculties, then you may estimate how much less the plaintiff will probably earn for the balance of his life by reason of such injuries and allow the plaintiff therefor."

The principal objection urged to this instruction is, that by it the court permitted the jury to award damages for any permanent impairment of plaintiff's mind; that it was not justified by the evidence and was extremely prejudicial. Appellant also contends that, if the only issue to be tried had been whether there was any permanent impairment of plaintiff's mental faculties, the court, for want of evidence, could not have allowed such issue to go to the jury. Appellant evidently regards the evidence on this issue too lightly. The

record discloses evidence tending to show not only a permanent impairment of plaintiff's health, but also that his mind was affected. By this we do not mean that he was mentally incompetent, or that his reasoning faculties were destroyed, but the evidence did tend to show a lack of mental vigor or control after the accident which did not exist before; also an inability to give intelligent, successful and consecutive attention to his business, which he had never experienced prior to the accident. While some question arose as to whether this condition would be permanent, there was evidence tending to show that the respondent might not fully recover. If any decrease in the respondent's mental vigor and ability, impairing his capacity to earn money, was caused by his injuries, it was certainly proper for the jury to consider such condition in estimating the damages to be awarded. There was evidence tending to show a decrease in his earning capacity by reason of the lack of his former mental vigor. Without entering into a detailed statement of such evidence, we think it sufficient to warrant the giving of this instruction, which, upon the facts shown, was not erroneous.

There being no prejudicial error in the record, the judgment is affirmed.

MOUNT, C. J., DUNBAR, and HADLEY, JJ., concur.

ROOT, J. (dissenting) — A careful consideration of the record convinces me that the verdict in this case was excessive. I do not think the evidence justifies any judgment greater than $4,500. I therefore dissent from the conclusion announced by the majority of the court.