[No. 7733. Decided June 10, 1909.]

MATTIS OLSON, *Respondent*, v. C. J. ERICKSON, *Appellant*.[1]

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—ACTS IN EMERGENCY. The question of the contributory negligence of a servant, acting in an emergency, is for the jury, although when viewed retrospectively, several ways are discernible by which he might have escaped injury if he had had sufficient presence of mind.

MASTER AND SERVANT—VICE PRINCIPALS — SUPERINTENDENCE. A foreman in charge of moving a steam shovel car, whose duty it was to direct when certain acts should be performed by others, is a vice principal, as his duties are those of superintendence which are nondelegable.

MASTER AND SERVANT—SAFE APPLIANCES AND PLACES—DUTY—INSTRUCTIONS. It is proper to instruct that a master owes the positive duty to his servants to use reasonably safe appliances and to use reasonable care to provide a reasonably safe place to work.

[1]Reported in 102 Pac. 400.

DAMAGES—EVIDENCE—HOSPITAL AND MEDICAL SERVICES—INSTRUC-
TIONS. In an action for personal injuries it is error to give instruc-
tions allowing recovery for hospital services and medical attendance
merely upon evidence that plaintiff had been in a hospital and been
attended by a physician.

APPEAL — DECISION — REMISSION TO AVOID ERROR. Upon appeal
from a judgment for personal injuries for error in submitting an
item of $194 for hospital services and medical attendance, the judg-
ment will be affirmed if such item is remitted by the respondent.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered July 10, 1908, upon the verdict
of a jury rendered in favor of the plaintiff for $2,000, in an
action for personal injuries sustained by an employee about a
steam shovel. Reversed, and a new trial ordered unless $194
is remitted.

*Carl J. Smith* and *Frank C. Park*, for appellant.

*Brightman & Tennant*, for respondent.

FULLERTON, J.—The respondent brought this action
against the appellant to recover for personal injuries re-
ceived by him while in the appellant's employment. The jury
returned a verdict in his favor for the sum of $2,000. Judg-
ment was entered on the verdict, and this appeal was taken
therefrom.

At the time of the accident to the respondent, the appellant
was excavating a street in the city of Seattle with a steam
shovel. The engine and other mechanism by which the shovel
was operated was carried on a car placed on trucks running
on rails, similar to the trucks and rails of an ordinary rail-
way. The scoop, or shovel itself, was arranged to operate in
front of the car. The method of operation was to lay a
track in front of the body of earth it was desired to remove,
excavate everything within reach of the scoop, and then ex-
tend the track over the excavated portion, move the car up
against the bank, and repeat the process. The engine oper-
ating the scoop was connected with the trucks by means of
chains fastened to the axles. By exerting pressure on these

chains the car could be moved for short distances either way by means of its own power. At the place of the accident to the respondent the grade was somewhat steep, with the car on the upper side of the grade. The car was held in place while the scoop was being operated by blocks laid across the rails in front of the wheels of the trucks and fastened to the rails by means of clamps. When it was desired to move the car, pressure on the blocks would be removed by means of the engine. The workmen would then loosen the clamp, move the block back the required distance and fasten it with the clamp, when the car would be let down slowly by the engineer into the new position. The work was done under the direction of a foreman. It was his duty to observe the conditions and give the order for moving the blocks, and the order to the engineer to let the car down at the proper times. It was customary also for the engineer to give a signal just before moving the car. It was a part of the respondent's duty to move one of these blocks. At the time he received the injury, the strain was taken off the blocks by the engineer and he was signalled to move the block back. He obeyed the signal and was in the act of moving the block to the required place when the car, without the customary signal being given, and before he succeeded in getting the block in position to clamp, was suddenly moved towards him. In his effort to get out of the way, he was caught by an iron brace extending from the car and pinned by it to the ground, receiving the injuries for which he sues.

The appellant first assigns that the court erred in refusing to grant a nonsuit on the ground of contributory negligence on the part of the respondent. It is argued that the respondent brought the danger upon himself by the unskillful manner in which he performed his work, and a number of acts of commission and omission on his part are pointed out which it is asserted contributed to his injury. But the appellant is viewing the accident retrospectively. It is an easy matter, after an accident happens, to discern ways by which it could have

been prevented or avoided, and ways by which its victim could have avoided injury had he but had the presence of mind to have pursued them. The injured person's right to recover, however, is not measured by these tests. He is not to be found guilty of contributory negligence merely because there were ways of escape open to him which he could have pursued. The test is did he act as a reasonably prudent person would have acted under similar circumstances; and this question is usually one for the jury and not the court. It was so in the present case. From the record, as we read it, we cannot say, as a matter of law, that the defendant did not act with reasonable prudence. It may be that we would hold that he did not so act were the question one for us to determine from the preponderance of the evidence, but since it is one on which reasonable minds might reasonably differ, it was for the jury, and their finding is conclusive upon us.

It is next contended that the foreman in charge of the work and who directed its different operations was a fellow servant of the respondent, and hence the master is not liable, even though it be conceded that the injury was the result of the negligence of the foreman. But we think that the foreman was a vice principal standing in the place of the master, and not a fellow servant of the respondent. The work of moving the car consisted of several correlated parts, each part being required to be performed at a particular time and in a particular manner. There could not be the necessary unison among the workmen to accomplish the result desired without the immediate superintendence of some person having authority to give the necessary directions. And inasmuch as it was a work that required superintendence, we hold that the duty of superintendence devolved upon the master, and that the master therefore owed to each of the servants the duty of proper superintendence, and is responsible to any one of them who is injured because of a negligent performance of that duty. We are aware that this rule does not obtain in all jurisdictions. There are cases which hold the master liable, under

like circumstances, only where it is shown that he selected for the duty of superintending the work a careless, negligent or incompetent person, knowing him to be such. But we have followed the cases holding the duty of superintendence to be the primary duty of the master, nondelegable to a superintendent or foreman, and this rule requires the master to answer for any negligent performance of the duty. *Nelson v. Willey Steamship & Nav. Co.*, 26 Wash. 548, 67 Pac. 237; *Sroufe v. Moran Bros. Co.*, 28 Wash. 381, 68 Pac. 896, 92 Am. St. 847, 58 L. R. A. 313; *O'Brien v. Page Lumber Co.*, 39 Wash. 537, 82 Pac. 114; *Dossett v. St. Paul & Tacoma Lumber Co.*, 40 Wash. 276, 82 Pac. 276; *Eidner v. Three Lakes Lumber Co.*, 45 Wash. 323, 88 Pac. 326.

The court gave the jury the following instruction which was excepted to as error:

"You are instructed that the master or employer owes a positive duty to his servant or employee to use reasonably safe appliances and instrumentalities for the use of his employee in prosecuting the work undertaken, and to use reasonable care to provide a reasonably safe place for the servants to work in, and to maintain it in a reasonably safe condition."

This instruction finds support in the case of *McDonough v. Great Northern R. Co.*, 15 Wash. 244, 46 Pac. 334, and is a correct statement of the law.

The court further instructed the jury as follows:

"If under the evidence and the instructions of the court you believe that plaintiff is entitled to recover for his injuries, then in assessing the damages to be allowed him you may take into consideration . . . any indebtedness incurred by the plaintiff for medical or surgical attendance, hospital services and nursing not exceeding the sum of $44 for hospital services and nursing and $150 for medical attendance and services."

This instruction was erroneous. There was no evidence introduced tending to show that any liability had been incurred for either hospital services or medical attendance. It

appeared incidentally that the respondent had been in a hospital and had been attended by a physican, but whether he incurred any liability for the services or whether they had any greater value than a nominal value, the evidence is silent. There was nothing, therefore, on which the jury could base a finding against the appellant for the amount of these items. The cases of *Webster v. Seattle, Renton etc. R. Co.*, 42 Wash. 364, 85 Pac. 2; *Cole v. Seattle, Renton etc. R. Co.*, 42 Wash. 462, 85 Pac. 3; and *Niemyer v. Washington Water Power Co.*, 45 Wash. 170, 88 Pac. 103, relied upon by the respondent, do not support this instruction. In the first two of these cases, there was some evidence tending to show the value of the services, and in the third the court instructed that they might allow the plaintiff his expenses for medical services if they found any such had been incurred, leaving it for the jury to determine not only the value of the services, but whether or not there was any evidence showing the value of the services. In the case at bar, the court assumes that there was evidence before the jury justifying a finding in favor of the respondent on these items in the sum of $194. This was not the fact.

Lastly, it is contended that the verdict is excessive, but without entering into an analysis of the evidence, it is sufficient to say that we have examined it and do not find any warrant to interfere on that ground.

For the error noticed, the judgment must be reversed. A new trial, however, need not follow as of course. If the respondent will, within twenty days after the cause is remanded, consent in writing to take a judgment for the amount of the verdict less $194, then a new judgment may be entered in his favor for that sum; otherwise a new trial will be awarded. Appellant will recover his costs.

ALL CONCUR.