[No. 11467. Department Two. December 20, 1913.]

W. W. Crandall, *Respondent*, v. Puget Sound Traction, Light & Power Company et al., *Appellants*.[1]

Jury — Peremptory Challenge — Statutory Right. Defendants sued jointly for tort must join in their peremptory challenges, even when their interests are antagonistic, under Rem. & Bal. Code, § 324, providing that either party may challenge the jurors, but when there are several parties on either side, they shall join in a challenge before it is made; since their right of peremptory challenge is purely statutory, and must be exercised in the manner granted.

Appeal—Review—Right to Complain—Instructions. Unnecessary repetition in instructions cannot be complained of, where there was unnecessary repetition in the instructions requested, and the repetitions were substantially as favorable to one side as to the other.

[1]Reported in 137 Pac. 319.

TRIAL—INSTRUCTIONS—MEASURE OF DAMAGES—LIMIT—ISSUES AND
PROOF. It is prejudicial error to fail in the instructions to limit the
recovery to the amount alleged, and to authorize recovery of an
item of damages as to which there was no evidence, notwithstand-
ing the amount awarded was less than the amount claimed; since the
effect on the verdict cannot be determined.

Appeal from a judgment of the superior court for King
county, Humphries, J., entered March 15, 1913, upon the
verdict of a jury rendered in favor of the plaintiff, in an ac-
tion for personal injuries sustained by a passenger on a
street car in a collision with an automobile. Affirmed on
condition of remitting $100.

*James B. Howe* and *A. J. Falknor,* for appellant Puget
Sound Traction, Light & Power Company.

*Trefethen & Grinstead,* for appellants Woodin.

*Vanderveer & Cummings* and *H. McC. Billingsley,* for re-
spondent.

PARKER, J.—This is an action to recover damages which
the plaintiff claims resulted to him from the concurring negli-
gence of the defendants. A trial before the court and a jury
resulted in a verdict and judgment in favor of the plaintiff,
against the defendants, from which they have appealed sep-
arately.

The appellant Puget Sound Traction, Light & Power
Company, hereinafter called "the company," owns and oper-
ates a cable street railway on James street, in Seattle. Ap-
pellant Scott P. Woodin is a physician practicing his pro-
fession in Seattle, concededly for the benefit of the community
composed of himself and wife, and, in aid of his practice, he
drives an automobile belonging to the community. On Sep-
tember 23, 1912, Dr. Woodin was driving southerly along
Fourth avenue, in Seattle, approaching the intersection of
that avenue and James street. As he neared James street,
one of the defendant company's cable street cars was pro-
ceeding easterly along James street nearing Fourth avenue.
A collision occurred between the automobile and the car at the

intersection of the avenue and street.  The forward right wheel of the automobile first came in contact with the left running board of the cable car near its forward end, while both were in motion.  At the time, respondent was a passenger on the cable car, standing on the left running board just back of the point of first contact.  The car was crowded so that respondent was compelled to ride in this position.  The momentum of the auto and cable car was such that the right side of the auto was thrown with great force around against the left side of the cable car where respondent was standing, resulting in serious injury to him, for which he seeks recovery, claiming that the injuries thus received were the result of the concurring negligence of both appellants.  Respondent sought recovery from them jointly, alleging damages in the sum of $7,639.20.  The jury found in his favor by a general verdict in the sum of $3,000.

During the empaneling of the jury, after the appellants had agreed jointly upon, and exercised, two peremptory challenges, they were unable to agree upon the exercise of a third peremptory challenge, and each then claimed the right to an additional peremptory challenge to be exercised separately.  This the court denied, and the ruling thereon is assigned as error calling for a new trial.  The court rested its ruling upon § 324, Rem. & Bal. Code (P. C. 81 § 559), providing as follows:

"Either party may challenge the jurors, but when there are several parties on either side, they shall join in a challenge before it can be made.  The challenge shall be to individual jurors, and be peremptory or for cause.  Each party shall be entitled to three peremptory challenges."

The effect of this limitation upon the right of peremptory challenge was so thoroughly reviewed by Justice Rudkin, speaking for this court, in *Colfax Nat. Bank v. Davis*, 50 Wash. 92, 96 Pac. 823, as to leave little to be said in answer to appellants' contention, which, in this case, as evidently in that, was rested upon the fact that the interests of

the defendants in the result of the trial, are, in substance, antagonistic to each other, and that therefore they should be regarded as separate parties for the purpose of exercising peremptory challenge. It seems plain to us, as pointed out in the *Colfax Nat. Bank* case, that the answer to this contention is that the right of peremptory challenge is wholly a creature of statute, and not of common law. This being true, we are unable to see that this restriction which the legislature may place upon such right, in the granting of it, is any more an infringement of the rights of a party than if the legislature had withheld the right entirely, which, of course, could be done. Some contention seems to be made that the interests of the defendants in this case are of a more pronounced antagonistic nature than in the *Colfax Nat. Bank* case. The only difference we can see between the two cases is that the right to recover in this case is rested upon tort, while in that it was rested upon contract. We fail to recognize this as a difference in the principle involved. It seems plain to us that in this case, as in that, each defendant, while, of course, resisting the right of the plaintiff to recover in any event, was seeking to shift whatever recovery might be had upon the other defendant. In this way only were their interests antagonistic. We think it was not error to deny the right of a separate peremptory challenge to the defendants. The extent of the right of exercising, separately, challenge for cause by several defendants, we express no opinion upon. That question is not here nor was it in the *Colfax Nat. Bank* case. We are dealing only with a right existing solely because given by statute. *Manhattan Building Co. v. Seattle*, 52 Wash. 226, 100 Pac. 330.

Counsel for appellant company requested three separate instructions to be given by the court to the jury touching the relative rights and duties of a street car and an automobile upon a street intersection, both arriving there at nearly the same time. The substance of all these instructions is found in one reading as follows:

"I further instruct you that, if a driver of an automobile and a street car both desire to pass a given point at the same time, it is the duty of the driver of the automobile to yield the right of way to the street car since in the very nature of the case it is impossible for the street car to pass over other portions of the street while it is possible for the automobile to do so."

The court gave each of these three instructions as requested, adding, however, at the conclusion of each, the following, or words of similar import:

"Providing that at all times the defendant company used the highest degree of care for the protection of its passengers that was practically consistent with the reasonable operation of its car."

We do not gather from the briefs of appellant that any contention is made against these instructions as correct statements of the law, but the contention seems to be that the court unnecessarily repeated to the jury the concluding portion of each instruction touching the high degree of care required of the company in the protection of respondent as one of its passengers. In one or two places in the instructions given by the court, this same thought is repeated. The rule of the high degree of care required of the company was unnecessarily repeated by the court, but the same criticism, at least in a considerable measure, may be made against the three instructions requested to be given by counsel for appellant company. It seems to us that in both respects there was unnecessary repetition. The repetitions, we think, were substantially as favorable to one side as to the other, and do not call for a new trial.

The instruction of the court, touching the question of the highest amount which the jury might find in the respondent's favor, in the event they concluded he was entitled to damages, was as follows:

"I instruct you that, if you find for the plaintiff in this case, you will award him damages in such amount as will compensate him: for all pain and suffering, if any, which he

has undergone in the past, or will probably undergo in the future; and for any impairment, if any, of his physical health or functions, not exceeding together the sum of $7,500; and for any expense which he may have incurred or must incur in the future, for medicine or medical attendance, not exceeding the further sum of $189.20, making a total of $7,-689.20, which is the limit of your verdict.

This instruction, it is claimed, was erroneous in that it permitted the jury to find in respondent's favor at least $100 more than the highest amount he would have been entitled to under any circumstances. Looking to the allegations of the items of damages in the complaint, we find that respondent there claimed $7,500 for pain and suffering, and disability incurred; $39.20 for hospital fees, drugs, and medicine; $50 for doctors' bills incurred before the suit was commenced, and $50 for prospective doctors' bills which he would be required to incur in the future because of his injuries. This, it will be noticed, totals only $7,639.20. It is thus manifest that the instructions of the court fixed the limit of respondent's recovery at $50 more than the amount alleged in the complaint. Besides this excess, there was no evidence whatever touching the amount of doctors' bills incurred, or to be incurred, except it was stipulated by counsel upon the trial that respondent had incurred $50 for doctors' bills. It is apparent, therefore, that the total amount which the jury could have awarded respondent in any event was $100 less than that which the court fixed as the limit of his recovery. We think that this was error which will entitle appellants to a new trial unless respondent remits from the award made to him by the verdict and judgment the sum of $100. This case, in this regard, is exactly like that of *Olson v. Erickson*, 53 Wash. 458, 102 Pac. 400. Some contention is made that because the jury found in the sum of $3,000 only, which is less than one-half of what they might have found, under the allegations of the complaint, no prejudice resulted from this instruction. The same situation appeared in the *Olson* case. In that case respondent recov-

ered only $2,000, when the allegations of the complaint would have supported a recovery of $10,000 and $194 additional for medical attendance and hospital fees. In that case, there being no proof as to the latter items, the court held it was error for the court to instruct fixing the limit of the recovery so as to include those items. Manifestly, we have no way to determine what influence this instruction had upon the jury as to the item of doctors' fees. The jury may or may not have allowed such items in their verdict of $3,000. Therefore, we cannot say that the instruction was without prejudice.

Contentions are made against the sufficiency of the evidence to sustain the verdict and judgment, in addition to the contention last above noticed. This question was raised by motion for nonsuit, motion for directed verdict, and motion for judgment notwithstanding the verdict; and involves the question of negligence of the respective appellants and the contributory negligence of respondent. We have read all of the evidence set forth in the abstract, and deem it sufficient to say that we are convinced that there is ample room for difference of opinion upon these questions. The same may be said as to the contention made against the verdict as being excessive. We are quite clear that we would not be justified in disturbing the verdict for want of support in the evidence, except in so far as doctors' fees may be included therein.

Because of error of the trial court in instructing the jury as to the limit of the respondent's recovery, we are of the opinion that appellants must be granted a new trial unless respondent will remit from the judgment the sum of $100 within twenty days after the case is remanded to the trial court. In the event respondent does so remit, the judgment will be affirmed. Otherwise, the trial court is directed to grant appellants a new trial.

In view of this disposition of the cause, we conclude that costs incurred by appellants in presenting the question here

decided in their favor are fairly offset by costs incurred by the respondent in resisting contentions made by appellants and decided in respondent's favor. Therefore, neither party will recover costs in this court.

CROW, C. J., FULLERTON, and MOUNT, JJ., concur.

MORRIS, J., took no part.