[No. 15950. *En Banc.* February 19, 1921.]

S. L. CALDBICK *et al., Respondents,* v. MARYSVILLE WATER & POWER COMPANY *et al., Appellants.*[1]

WITNESSES (78)—CROSS-EXAMINATION—LIMITATION TO SUBJECT OF DIRECT EXAMINATION. Where one of the plaintiffs had testified on direct examination as to their ownership of land, cross-examination as to whether the property had not been sold under contract and as to price received therefor, is improper as not relating to the matter testified to on direct examination.

DAMAGES (112)—EVIDENCE—ADMISSIBILITY—DAMAGE TO PROPERTY FROM FLOODING. An offer of evidence to show that a responsible party undertook to rent property from respondent in 1919 after alleged damage had been done by flooding, is properly denied where the damages claimed are not for loss of crops for the year 1919 but for decrease in the market value of the property by reason of the flooding.

WATERS AND WATER COURSES (73, 74)—FLOWAGE—ISSUES—INSTRUCTIONS. Upon an issue as to damages to land from flooding resulting in a decrease of the market value of the property, instructions are properly refused, when based upon whether the material washed upon the property by the flood was a benefit or damage to the land.

SAME (72)—FLOWAGE — ACTIONS — QUESTION FOR JURY. Whether flowage from a reservoir resulting in damage to land was due to de-

[1]Reported in 195 Pac. 1027.

fendant's negligence, or an unprecedented rainfall, is a question for the jury, when the evidence on the question as a whole was in conflict.

DAMAGES (104, 124)—PLEADING, EVIDENCE AND ASSESSMENT—LIMITATION AS TO AMOUNT—INSTRUCTIONS. It is reversible error for the court to instruct the jury that the maximum sum to be allowed in an action for damages is the amount claimed in the pleadings without limiting such recovery to the maximum amount shown by the evidence, where the testimony shows the latter to be less than the amount specified in the pleadings.

PARKER, C. J., BRIDGES, FULLERTON, and TOLMAN, JJ., dissent.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered December 8, 1919, upon the verdict of a jury, rendered in favor of the plaintiffs, in an action for damages from flooding land. Reversed.

*W. P. Bell* and *Coleman & Fogarty,* for appellants.
*Williams & Davis,* for respondents.

MACKINTOSH, J.—Prior to January 23, 1919, the appellants had maintained and operated a reservoir near the ranch owned by the respondents, and according to the allegations of the complaint, on that day, by reason of the fact that the appellants had negligently and carelessly failed to keep the reservoir in repair, the water escaped therefrom and flooded the respondents' property and damaged it by leaving deposits of earth thereon, and by filling up and destroying ditches and flumes, by washing away sand and gravel, and by damaging the barn and filling an excavation with earth.

By affirmative defense, the appellants excused the escape of the water from the reservoir by alleging that the dam broke by reason of an unprecedented rainfall. The jury returned a verdict in favor of the respondents, and from a judgment based on that verdict, the appellants appeal.

Appellants allege as error, first, that, when the respondent Pauline O. Caldbick was on the stand as a witness for the respondents, the appellants were denied the right, on cross-examination, to ask her in regard to a sale which the respondents had made of the property in question. The witness had been placed on the stand by the respondents for the purpose of proving the ownership of the property, and her direct examination was confined solely to that question. It was not proper cross-examination for the appellants to attempt to prove by her that the property had been sold under contract, and the price for which it had been thus sold. If this evidence were proper at all, it would have to be proved as any other matter in the appellants' case, and if no other source of proof existed, appellants could have called the respondent as an adverse party and interrogated her in regard thereto. But the fact that the respondent was a witness did not alter the rule as to the limit of cross-examination allowed the appellants; the matter about which she was sought to be questioned was not a matter relating to that being investigated by the direct examination.

Second, the court refused to allow the appellants to prove that a responsible party undertook to rent the property from the respondents for the year 1919. The appellants claim that this was competent to show in mitigation of damages. The respondents, however, were not claiming damages by reason of any loss of crops for the year 1919, but were basing their claim for damages upon the decrease in the market value of the property by reason of the flooding. The testimony offered had no bearing upon the issue presented to the jury.

Third, the court was requested to instruct the jury that, if they found from a preponderance of the evidence that the flood was caused by the negligence of

the appellants and not by an unprecedented rainfall, and that the material washed upon the respondents' property was a benefit to the property, and that the material so washed upon it did not injure the property, the respondents would then be entitled to recover only the excess of the damage to the property over the benefit to the same; and that, if the benefit was greater than the damage, appellants were entitled to a verdict in their favor. The theory upon which the case was tried, aside from the special items of damage, was that the flood had resulted in a decrease of the market value of the property, and the instruction offered was improper upon that issue. *Texas & P. R. Co. v. O'Mahoney,* 24 Tex. Civ. App. 631, 60 S. W. 902; *Gulf, C. & S. F. R. Co. v. Harbison,* 99 Tex. 536, 90 S. W. 1097.

Fourth, it is argued that the trial court was in error in not granting a judgment notwithstanding the verdict, based upon the assertion that the testimony shows that the escape of the water was due to an unprecedented rainfall. Reliance is placed on *Anderson v. Rucker Bros.,* 107 Wash. 595, 183 Pac. 70, 186 Pac. 293. The testimony in the case, however, leaves the cause of the flood in dispute. The witness who testified from the records of the United States' weather bureau showed that, in the vicinity of this property, there had been, on several occasions, rainfalls in excess of the rainfall on, and immediately prior to, January 23, 1919. The appellants' employee in charge of the reservoir, when he was first upon the stand, testified "it was a heavy rain"; though, when he was recalled to the stand, he testified that the rain of January 23d and the two days prior thereto was unprecedented in that section of the country. The testimony, as a whole, on this question was conflicting and was properly submitted to the jury.

. Fifth, the court instructed the jury as follows:

"You are instructed that, if you find for the plaintiffs, under these instructions, you should allow such damages as the preponderance of the evidence shows they have sustained by reason of the flooding of the premises in question, and in fixing such damages you should consider the following items:

"(1) The reasonable cost of repair of the foundations of the barn on said premises, and the reasonable cost of cleaning out the excavation for said barn, if any, not to exceed the sum of five hundred dollars ($500).

"(2) The reasonable cost of repairing the injuries to the ditches on said farm, if any, made necessary by the flooding of the premises, and the reasonable cost of cleaning out said ditches on said premises so as to place said ditches in the same condition they were before the flooding of said premises, not to exceed the sum of one thousand dollars ($1,000)."

The appellants claim that this instruction is erroneous for the reason that the only witness testifying as to the items embraced in subdivision one of the instruction regarding the cleaning out of the excavation and the repair of the barn and foundations, testified that the sum of $397.90 would repair those conditions; and that the only witness testifying as to the item covered in the second subdivision of the instruction testified that the sum of $200 would repair the injuries to, and clean out, the ditches, and that the court should have limited, in its instructions, the amounts which the respondents could recover in regard to those two items to the amounts testified to by these witnesses.

It is true that in the introductory portion of the instruction the court told the jury that they must return a verdict according to the preponderance of the evidence, but it then proceeded to specifically call to the jury's attention the two items of damage and referred

to the amounts as they were set forth in the complaint, but not as they were established by the evidence.

We have held in personal injury cases that, where the court refers to the amount claimed by the complaint, such an instruction does not express the court's opinion that the amount of the verdict should be limited only by the amount claimed. In *Goldthorpe v. Clark-Nickerson Lumber Co.*, 31 Wash. 467, 71 Pac. 1091; *Cole v. Seattle, R. etc. R. Co.*, 42 Wash. 462, 85 Pac. 3, and *Olson v. Erickson*, 53 Wash. 458, 102 Pac. 400, we have held that the court was in error in having submitted to the jury instructions as to items claimed in the complaint upon which no evidence had been introduced. In *Crandall v. Puget Sound T., L. & P. Co.*, 77 Wash. 37, 137 Pac. 319, we held it was error for the court to instruct in regard to an item upon which no evidence had been introduced and upon another item which by stipulation had been reduced from the amount claimed in the complaint. The stipulation in the *Crandall* case amounted to a reduction of the plaintiff's demand to the amount stipulated, and the trial court was manifestly in error in having given the jury an instruction based upon the amount alleged, when it should have construed the pleadings as having been amended to set forth the reduced amount stipulated.

The testimony in the case before us, having been uncontradicted, had very much the same effect as the stipulation in the *Crandall* case, and the court should have instructed the jury that, in taking into consideration the special items of damage, they should not return a verdict for respondents in an amount greater than the amount which had been testified to. It is argued that, to compel the court to give such an instruction, would necessitate the court's keeping watch over the testimony of the many witnesses who might be introduced in the trial of a case and who might testify

to different amounts based upon different methods of calculation, and would necessitate the court's determining what the maximum amount testified to was upon any item, and instructing the jury that a verdict should not be returned in excess of that amount.

The answer to this argument is obvious. All that would be necessary for the court to do in such a case would be to instruct the jury that, as to each certain item, they should not return a verdict in an amount in excess of the amount testified to by any witness, and that, if any of the testimony was in excess of the amount claimed in the complaint, the jury's verdict, as it related to that item, should be limited to the amount claimed in the complaint.

This question has been squarely presented and determined in the cases of *Morris v. Williford*, 70 S. W. (Tex. Civ. App.) 228, and *Emerson-Brantingham Imp. Co. v. England*, 186 S. W. (Mo. App.) 1181, and *Miller v. Kansas City W. R. Co.*, 180 Mo. App. 371, 168 S. W. 336, where the rule has been announced that the instruction must be within the purview of both the pleadings and the evidence, and that an instruction was erroneous which failed to limit the recovery to the loss shown by the evidence.

In the case of *Emerson-Brantingham Imp. Co. v. England, supra,* the testimony showed that, upon one of the items for which recovery was being sought, the damage would have been less than one hundred dollars, but the court said:

"Irrespective of this condition of the testimony, the jury was instructed, at the request of defendants, that: 'If they sustained any substantial loss during the threshing seasons of 1912 and 1913 by reason of said machinery not fulfilling the warranty (if you find that it failed to fulfill the warranty), then you will find for the defendant on their counterclaim in such sums as you may believe defendants so lost during said thresh-

ing seasons of 1912 and 1913, not to exceed, however, the sum of $1,300.' This instruction is fatally defective, in view of the testimony, in not limiting the damages to the elements which the jury were authorized to consider. . . ."

In the case of *Miller v. Kansas City W. R. Co.,* *supra,* the jury were instructed that they should ''assess the plaintiff's damages at such sum, as in the judgment of the jury, under all the evidence in the case, will compensate him for the injuries received, not exceeding, however, the sum of $25,000.'' In the plaintiff's complaint, the sum of two hundred dollars was alleged to have been expended for medicine, nursing and medical attention, and was included in the total claim of twenty-five thousand dollars. At the trial, however, the evidence showed the expense of medicine, nursing and medical attention was only fifteen dollars. The court said:

''We think the most reasonable view to take of it is that the instruction is so worded as to allow the jury to consider the entire $200 claimed for medical service when only fifteen dollars was proven. The instruction reads that the jury may allow such damages 'under all the evidence in the case', as will compensate plaintiff for the injuries received, not exceeding $25,000. This, in effect, told the jury they might allow the full $25,000 claimed, for it took that sum to make up the $25,000 asked.''

In the case of *Morris v. Williford, supra,* the evidence showed that, on one item of damage, the damage amounted to twenty-six dollars, and on another item of damage, one hundred dollars. According to the allegations of the complaint, the sum of one hundred and ninety-three dollars was asked for these two items. The court said:

''Had he been entitled to recover for the above amounts as actual damages, he could only have re-

covered $126 therefor. The court charged the jury that they could not find for more than $193 actual damages, which was the amount stated in the petition. The charge was calculated to mislead the jury into the belief that they could find as much as $193 actual damages, when, under the evidence as above set out, only $126 was shown.''

The rule in a great many jurisdictions is that it is error to state to the jury the amount of damages claimed by the plaintiff, but the weight of authority seems to be that it is not reversible error for the trial court to instruct the jury that they cannot award damages in excess of the amount claimed in the pleading, provided that there is no suggestion thereby made that that represents the amount of damages that the evidence warrants, and the jury are not influenced by the reference to the amount of the plaintiff's claim. But if the reference to the *ad damnum* appears to have been made in such a manner as to influence the jury, such reference is ground for reversing the judgment.

This rule, which meets the favor of this court, has been announced, so far as we have been able to discover, only in personal injury cases; but we see no reason why a jury should be allowed, in any case where the evidence does not conform to the amount alleged in the complaint, to receive an instruction which limits the maximum amount of their verdict to the amount not testified to by any witness. The rule should be that, where the evidence is clear and undisputed as to the amount of the damage, the court should instruct the jury that their verdict should not be in excess of that amount; where there are different amounts testified to, the verdict should not be in excess of the maximum amount testified to; and that, where different amounts have been testified to, some

of them in excess of the amount claimed in the complaint, the verdict should be in an amount not exceeding that, claimed in the complaint. All these instructions, of course, to accord with the general instruction that the verdict should be based only on the evidence in the case.

We conclude, therefore, that it was error for the court to have given the instruction complained of; for by that instruction the jury were permitted to return a verdict upon item numbered one for one hundred and two dollars and ten cents in excess of any testimony, and upon item number two in the excess sum of eight hundred dollars.

The order of the court will therefore be that, if the respondents will, within twenty days after the cause is remanded, consent in writing to take a judgment for the amount of the verdict, less nine hundred and two dollars and ten cents, then a new judgment shall be entered in their favor for that sum; otherwise, the trial court is instructed to grant the appellants a new trial.

HOLCOMB, MAIN, MOUNT, and MITCHELL, JJ., concur.

BRIDGES, J. (dissenting) — I think the judgment should be affirmed. It has always been held by this court that it is proper for the court to instruct the jury that the verdict cannot exceed the amount stated in the complaint. In the case of *Goldthorpe v. Clark-Nickerson Lumber Co.*, 31 Wash. 467, 71 Pac. 1091, Judge Dunbar, in speaking of such an instruction, said that:

"It was a simple statement as to the limitation of recovery under the complaint, and an instruction that is not only proper, but necessary, to be given to the jury in all cases of this character."

In the case of *Cole v. Seattle, R. etc. R. Co.*, 42 Wash. 462, 85 Pac. 3, the identical question we are now discussing was raised and decided. There the court instructed the jury that they might, if the evidence warranted, allow damages for medical services incurred by the plaintiff in an amount not exceeding one hundred dollars. Exception to this instruction was taken because there was no evidence showing damages in this regard in an amount in excess of seventy dollars. The court said:

"As we understand appellant's contention, it insists that these instructions were an intimation or suggestion to the jury that there was evidence sufficient to warrant a finding of $100 for medical services . . . We do not think the instructions were improper or susceptible of any such construction. In his complaint respondent alleged damages for medical services incurred in the sum of $100 . . . and all the court did was to limit the recovery to the amounts alleged, without any suggestion as to any sum which the evidence authorized or that should be allowed."

Nor do I agree with the majority opinion that the case of *Crandall v. Puget Sound T., L. & P. Co.*, 77 Wash. 37, 137 Pac. 319, lays down any contrary rule. The instruction there involved did not caution the jury, as the one here did, that it could in no event find for an amount in excess of that shown by the testimony.

The instruction here simply told the jury that they might find for the plaintiff in such amount as was shown by the testimony, not exceeding, however, the amounts alleged in the complaint, to wit, five hundred dollars on account of the barn and one thousand dollars on account of the ditches.

I believe it is the common practice of trial courts in this state to give instructions of this kind. To require those courts at all times to keep in mind the details of all the testimony and instruct the jury, at

its peril, as to the maximum amount of recovery testified to by any and all the witnesses, is, in my judgment, to impose on them unnecessary burdens in the performance of which many reversible errors will be committed. But the opinion of the court answers this argument by saying that, under such circumstances, all the court need do is "to instruct the jury that, as to each certain item, they should not return a verdict in an amount in excess of the amount testified to by any witness," and in no event more than is demanded by the complaint. This is exactly what was done by the court in this instance, for it instructed that the amount of the verdict must be controlled by the testimony, and that must, of course, mean that the verdict must not exceed the highest estimate given by any witness. If the trial court had not told the jury that their verdict must be within the testimony, then the objection would have been well taken.

I think the cases cited by the court in support of its views are, for the most part, distinguishable from the case at bar. For illustration, the instruction in the case of *Emerson-Brantingham Imp. Co. v. England,* *supra,* was held erroneous, "in not limiting the damages to the elements which the jury were authorized to consider." In the *Morris v. Williford* case, *supra,* the court told the jury that they could not return a verdict for more than one hundred ninety-three dollars, the amount sued for, when the evidence showed a damage of only one hundred twenty-six dollars. But it does not appear that the instruction gave the jury to understand that, in any event, it was to give no greater damage than that shown by the evidence.

I think the instruction given in this case was proper and that the judgment should be affirmed.

Parker, C. J., Fullerton, and Tolman, JJ., concur with Bridges, J.